186 So.2d 462 (1966)
James Hugh WANSLEY
v.
Gertrude Wansley SCHMIDT.
No. 44000.
Supreme Court of Mississippi.
May 16, 1966.
*463 Walker, Dillard & Sullivan, Laurel, for appellant.
Paul G. Swartzfager, Laurel, for appellee.
SMITH, Justice.
James H. Wansley has appealed from a decree of the Chancery Court of the Second Judicial District of Jones County denying his petition for custody of three minor children, making more specific and adjusting his rights of visitation, and increasing support payments provided for in a former decree.
The present controversy had its origin in a suit filed by appellee, Gertrude Wansley Schmidt, against appellant, her then husband, asking for separate maintenance and for custody of their three minor children. In that case, appellant answered and also filed a cross-bill seeking a divorce and custody of the children.
In October 1961, a final decree was entered dismissing the bill for separate maintenance and granting appellant a divorce, but awarding the custody of the three children (a girl then five years old, a boy four years old, and another girl, age 2) to their maternal grandparents, appellee's mother and father, the decree reciting that it was "contemplated that the cross-defendant (appellee in the present case) will reside with her parents and assist in the care of the children, and the court does hereby specifically retain jurisdiction of this cause to make such changes in the provisions in regard to the care and custody and control of the said children as to this court may seem meet and proper from time to time as the circumstances shall then exist."
The decree further recited that the question of the respective "fitness or unfitness" of the parties to have permanent custody of the children was expressly pretermitted.
After the divorce, both parties remarried. Appellant married a widow with four children of her own by a previous marriage  a boy 18, a girl 17, and two boys 12 and 11, respectively. These children *464 are living with the appellant and their mother.
Appellee married a man who apparently departed shortly afterward and whose present whereabouts seem to be unknown.
In 1965, appellant filed his petition in the case now before the Court, asking that the former decree be modified because "there has been a material change of circumstances since the rendition of the final decree of the court and the court specifically retained jurisdiction over said cause to make such changes in regards to the care, custody and control of said children as the court deemed meet and proper."
The petition set out that appellant had remarried and now was in a position to care for the children. It also charged appellee with immorality and alleged that it was to the best interest of the children that he be given their custody.
Appellee answered fully, denied the charges of immorality, denied that it was to the best interest of the children to change their custody as fixed by the former decree, and denied that there had been any material change in circumstances since entry of that decree, or any change which would warrant a disturbance of the custodial arrangement which had been in effect since 1961.
Respondent averred that she had faithfully complied with the provisions of the earlier decree, and, except for a few very brief absences, had lived in the home with her mother and father and the children and had looked after and cared for them. She averred that a continuance of this arrangement was to the best interest of the children. She pointed out that the three-bedroom home of appellant, while perhaps "suitable" was not adequate for occupancy by appellant and his wife, the four step-children (whose ages ranged from 11 to 18 years), and the three children of the parties, and further averred it would be unwise to take the children from their present home and place them in the home with the four older children of appellant's wife.
Considerable testimony was offered by each side. An effort was made to show that appellee was guilty of misconduct with another man, or other men, following her second marriage. However, this testimony rested upon slight circumstances, all of which were equally capable of innocent interpretation, and on the whole was intrinsically weak and unconvincing. Stegall v. Stegall, 151 Miss. 875, 119 So. 802 (1929).
It was positively refuted by the testimony of appellee, supported by that of other witnesses who testified in her behalf. At most, the evidence introduced by appellant made a factual issue as to the material questions in the case. This was for the decision of the chancellor.
When both sides had closed, the chancellor delivered his opinion in which he found, among other things, the following:
1. The evidence did not support the allegation that a material change had occurred subsequent to the rendition of the decree of October 1961 requiring a change in its custodial provisions.
2. The allowance of $20 per week for the support of the children, stipulated in the former decree, "in an era of inflation wholly and completely fails to meet the needs to maintain a healthy and decent standard of living for three minor children * * * it is shocking to the conscience of this Court * * *"
3. The best interest of the children "at this time" would be served by continuing the custodial arrangement set forth in the October 1961 decree.
4. The amount to be paid by the appellant for the support of the children should be increased to $120 per month and that this increase would be "only a meager contribution to their support."
In addition, the court gave specific directions as to the times at which the appellant should be privileged to pick up the children and required to return them.
*465 A decree was entered in accordance with the opinion, dismissing the petition and directing that the custody of the children continue as provided in the former decree, increasing their support allowance to $120 per month, and specifically defining the times when appellant might have the children actually in his custody.
The chancellor's opinion and decree leave no question that the material factual issues in the case were resolved against the contentions of the appellant. These findings are supported by the evidence in the case. Certainly, we are unable to say the chancellor was manifestly wrong.
Appellant has assigned as error the action of the chancellor in limiting the times at which he might have custody of the children and increasing the allowance for their support. This action on the part of the chancellor is described by appellant as having been a grant of affirmative relief upon an answer in a case in which no cross-bill or cross-petition was filed.
Aside from the clear reservation of jurisdiction by the court in the first decree to "make such changes in the provisions (of the decree) in regard to the care and custody and control of said children as the court may deem meet and proper in the premises from time to time as the circumstances shall then exist," the chancery court has the inherent power, and it is its duty, where the issue is before the court by proper pleadings, supported by competent evidence, in proceedings in which it has jurisdiction of the parties and subject matter, to make such orders and decrees from time to time as will protect and promote the best interests of minor children. Appellant invoked the jurisdiction of the court, and in his petition asserted the provision quoted above as warranting the custodial changes which he sought.
It appears that appellant was unemployed when the former decree was entered but now has an income of $500 per month. Although the allowance as fixed by the chancellor does not appear excessive, in view of that evidence in the record, due process required that appellant have fair notice from an appropriate pleading that an increase in the amount of the support award was being sought and was under consideration, so that he might have reasonable opportunity to offer evidence touching both the needs of the children and his ability to pay.
Praiseworthy though it may be that, having incurred the duty of supporting a second wife, appellant also voluntarily assumed the support of her four children, nevertheless, a father's first and paramount duty is to provide support for his own children. DeMarco v. DeMarco, 199 Miss. 165, 24 So.2d 358 (1946).
However, until the chancellor delivered his opinion, appellant had no notice of any kind that an increase of the support allowance was being considered.
For that reason, the decree must be reversed insofar as it increased the support award. In reversing the chancellor as to that aspect of the decree, we do not imply that such allowance may not be increased, if such increase is based upon proper pleadings in a proceeding for that purpose, if the evidence should warrant it. Nor is it to be inferred that such reversal shall operate to prejudice or impair any right to an increase in the allowance which the court, in such proceedings, may find to be warranted by the circumstances in the light of present economic conditions. Nor is it a defense that appellant voluntarily has assumed additional obligations.
As to appellant's visitation rights, we do not construe the court's decree as having withdrawn the right of appellant to visit the children when reasonably convenient for all concerned, as granted in the earlier decree. The chancellor did specifically define the hours when he should be privileged to have their actual custody from time to time. This was a matter relating *466 to the custody of the children and was within the purview of the petition and answer thereto.
The decree of the chancellor will be affirmed in all respects except as to the increase in the support allowance. As to such increase, the decree is reversed, without prejudice to the rights of the parties with respect thereto.
Affirmed in part, and reversed in part, without prejudice.
ETHRIDGE, C.J., and RODGERS, JONES and ROBERTSON, JJ., concur.