338 So.2d 806 (1976)
John W. FORTENBERRY
v.
Vickie Diane FORTENBERRY.
No. 49071.
Supreme Court of Mississippi.
October 19, 1976.
*807 George G. Williamson, Edward A. Williamson, Mendenhall, for appellant.
Stubbs & Evans, W. Terrell Stubbs, Mendenhall, for appellee.
Before GILLESPIE, SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
In this uncontested divorce proceeding, the defendant wife had moved to another state taking the minor children of the marriage with her. Process was had on her by publication, and no answer, cross-bill, or any pleading asking for support of the minor children was filed by the defendant.
It was error for the court arbitrarily to fix the sum of $75.00 per month that the father should contribute to the children's support.
Due process of law required that appellant be given fair notice by an appropriate pleading that the question of support would be under consideration. In the case of Wansley v. Schmidt, 186 So.2d 462 (Miss. 1966), Justice Smith, speaking for the Court, said:
[T]he chancery court has the inherent power, and it is its duty, where the issue is before the court by proper pleadings, supported by competent evidence, in proceedings in which it has jurisdiction of the parties and subject matter, to make such orders and decrees from time to time as will protect and promote the best interests of minor children. (186 So.2d at 465). (Emphasis added).
In that case, the chancellor had increased a child support award without any pleading requesting it. All parties were before the court on a petition for change of custody due to an alleged change of circumstances. This Court concluded:
Although the allowance as fixed by the chancellor does not appear excessive, in view of that evidence in the record, due process required that appellant have fair notice from an appropriate pleading that an increase in the amount of the support award was being sought and was under consideration, so that he might have reasonable opportunity to offer evidence touching both the needs of the children and his ability to pay. (186 So.2d at 465).
See also Barnes v. Barnes, 317 So.2d 387 (Miss. 1975); Griffith, Mississippi Chancery Practice § 565 (2d ed. 1950).
It is true that the chancery court is authorized under Mississippi Code Annotated section 93-5-23 (1972) to make such order as is deemed equitable and just with respect to the support of minor children of a marriage. However, this may only be done after a full and complete hearing, after due notice of the purpose of the hearing, at which the parties have an opportunity to call witnesses in their behalf and be heard by themselves or counsel.
Praiseworthy as the chancellor's actions were in attempting to provide for the support of these minor children, to do so without any pleading praying for same arbitrarily deprived appellant of due process.
There is nothing to prevent the mother of these out-of-state children from petitioning the lower court for child support or to seek child support under the Uniform Reciprocal Enforcement of Support Law. Miss. Code Ann. §§ 93-11-1 to -65 (1972).
The decree appealed from is reversed and the cause is remanded with directions to the trial court to amend the decree by striking therefrom the award of support and maintenance of the minor children.
REVERSED IN PART AND REMANDED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.