348 So.2d 431 (1977)
Charles Richard FONDREN
v.
Barbara BATTON.
No. 50028.
Supreme Court of Mississippi.
July 27, 1977.
John T. Haltom, Indianola, for appellant.
Clark, Davis & Belk, Howard Q. Davis, Jr., Indianola, for appellee.
Before GILLESPIE, WALKER and BROOM, JJ.
WALKER, Justice, for the Court:
Appellee filed her bill of complaint for divorce against appellant in which she prayed for a divorce and restoration of her maiden name and for general relief. Personal process was had on appellant, who, having no objection to appellee obtaining a divorce and changing her name, did not answer the bill of complaint. The cause came on for hearing and the chancellor granted the divorce and change of name as requested, and additionally provided that appellant was to pay appellee the sum of $100 per month alimony, suit money (but fixed no definite sum), and directed appellant to take immediate steps to remove appellee's name from the title to a certain automobile.
The sole question presented is whether the chancery court had authority under a prayer for general relief, but in the absence of a specific prayer for alimony, suit money, etc., to make an award in the decree of divorce for these items. That question must be answered in the negative.
In the case of Wansley v. Schmidt, 186 So.2d 462 (Miss. 1966), Justice Smith, speaking for the Court, said:
[T]he chancery court has the inherent power, and it is its duty, where the issue is before the court by proper pleadings, supported by competent evidence, in proceedings in which it has jurisdiction of the parties and subject matter, to make such orders and decrees from time to time as will protect and promote the best interests of minor children. (Emphasis added). (186 So.2d at 465).
In that case, the chancellor had increased a child support award without any pleading requesting it. All parties were before the court on a petition for change of custody due to an alleged change of circumstances. This Court concluded:
Although the allowance as fixed by the chancellor does not appear excessive, *432 ... due process required that appellant have fair notice from an appropriate pleading that an increase in the amount of the support award was being sought and was under consideration, so that he might have reasonable opportunity to offer evidence touching both the needs of the children and his ability to pay. (186 So.2d at 465).
In Fortenberry v. Fortenberry, 338 So.2d 806 (Miss. 1976), this Court said:
It is true that the chancery court is authorized under Mississippi Code Annotated section 93-5-23 (1972) to make such order as is deemed equitable and just with respect to the support of minor children of a marriage. However, this may only be done after a full and complete hearing, after due notice of the purpose of the hearing, at which the parties have an opportunity to call witnesses in their behalf and be heard by themselves or counsel.

Praiseworthy as the chancellor's actions were in attempting to provide for the support of these minor children, to do so without any pleading praying for same arbitrarily deprived appellant of due process. (Emphasis added). (338 So.2d at 807).
In the case sub judice, appellee, in her bill of complaint, did not mention alimony or suit money or request that her name be removed from the title of the automobile and did not amend her bill of complaint to include these items. Appellant had no objection to appellee obtaining a divorce and changing her name, and if she intended to seek more than that, due process required that appellant have fair notice from an appropriate pleading that these things were desired or were being sought so that he might answer and offer evidence touching these matters.
Therefore, appellant's petition to modify the decree and delete therefrom the objectionable items not prayed for by appellee in her original bill of complaint should have been granted.
The decree of the Chancery Court of Sunflower County, Mississippi, is therefore reversed and the portion ordering that appellant pay suit money, $100 a month alimony, and application for removal of appellee's name from the certificate of title to the 1974 Chevelle Malibu is hereby deleted.
REVERSED AND RENDERED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.