359 So.2d 1138 (1978)
Katherine Louise MORRIS
v.
Billy E. MORRIS.
No. 50424.
Supreme Court of Mississippi.
June 14, 1978.
Glenn Barlow, Pascagoula, for appellant.
Fielding L. Wright, Jr., Pascagoula, for appellee.
Before SUGG, BROOM and COFER, JJ.
BROOM, Justice, for the Court:
Child custody and child support are the chief aspects of this case tried in the Chancery Court of Jackson County, Mississippi. Appealed from is the lower court's decree denying a change in custody of the parties' minor children, but ordering the mother to pay child support.
Divorce of the parties was decreed May 15, 1975. The decree granted custody of their two children to the father, Billy E. Morris, appellee (Mr. Morris herein) and no appeal was taken. On March 23, 1976, the mother, Katherine Louise Morris, appellant (Mrs. Morris herein), filed her petition seeking modification of the prior decree (that custody be granted unto her) based upon alleged material change of facts and circumstances pertaining to the children, Katrina Louise Morris, age three, and Eugene Lynn Morris, age nineteen months. The petition for change of custody alleged that Mr. Morris was not giving the children proper environment and care. After hearing the proof, the lower court (not the same judge who entered the original decree) noted that the children had not been cared for "perhaps as they should have been," but found that no material changes had occurred since the original decree sufficient to justify its modification. According to the court's opinion, "Mrs. Morris has lived in the home with a man who she describes as a father relationship" which did not favorably impress the court. Accordingly, a decree was entered leaving paramount child custody with Mr. Morris but requiring that Mrs. Morris pay $10 per week as child support. Additionally, should she remove the children from this jurisdiction, she was required to post a bond in the sum of $1,000 to insure return of the children to the jurisdiction of the court.
Mrs. Morris first argues that the court committed reversible error by its failure to modify the original decree for child custody. She contends that the proof was overwhelming and required a change of *1139 child custody in the best interest of the children. We find no merit in this proposition because it cannot logically be said on this record that the chancellor was manifestly in error. He was faced with a situation where neither parent was entirely satisfactory, but we cannot say that he committed reversible error in leaving custody with the father.
Second argument made by Mrs. Morris is that the court erred in summarily requiring her to pay child support on its own motion and with this argument we must agree. Mr. Morris made no request or pleading that Mrs. Morris be required to pay child support. There was no notice or suggestion in the record that support payments from Mrs. Morris were even being contemplated by the court on its own or asked for by Mr. Morris. Of course, courts have the authority to make proper orders touching upon child custody and child support and may increase or make an allowance for child support "if such increase is based upon proper pleadings in a proceeding for that purpose... ." Wansley v. Schmidt, 186 So.2d 462, 465 (Miss. 1966). Fondren v. Batton, 348 So.2d 431 (Miss. 1977), held that due process entitled one situated as appellant in this case to have fair notice that some aspect of child support payments from her was under consideration. Fortenberry v. Fortenberry, 338 So.2d 806 (Miss. 1976), held that child support payments may be ordered "after a full and complete hearing, after due notice of the purpose of the hearing... ." (338 So.2d at 807). To the same effect is our holding in Rhodes v. Rhodes, 336 So.2d 1315 (Miss. 1976). Here it was error for the court to order Mrs. Morris to make child support payments absent any notice that she would be required to defend such a proposition and absent any notice that the court was considering ordering her to pay child support. Therefore, the part of the decree of the lower court requiring child support payments from Mrs. Morris will be deleted.
The final proposition argued by Mrs. Morris is her contention that the court erred in requiring her to post a $1,000 bond when she takes the children beyond the State of Mississippi. We find no error in this aspect because the court has the power to insure that children under such circumstances are not removed and kept beyond the jurisdiction.
As to the order that Mrs. Morris pay child support, the cause is reversed without prejudice with respect thereto, but in all other respects affirmance is ordered here.
AFFIRMED IN PART AND REVERSED IN PART.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.