COVINGTON, Judge.
Wanda G. Reynaud and Morris Reynaud, both of whom were domiciliaries of Texas at the time, were divorced in Texas on November 29, 1971. Mrs. Reynaud was awarded custody of their 2% year old child. She was also awarded the sum of $80.00 monthly as child support, which monthly payments have been regularly made and are not in arrears. After the divorce, she and the child moved to live with her mother in East Baton Rouge Parish, Louisiana. She is presently employed by Guaranty Income Insurance Company at a salary of about $800.00 monthly. On February 2, 1976, Mr. Reynaud also moved to East Baton Rouge Parish where he makes his domicile. He has remarried, and he and his wife have two children. Defendant is employed as senior instrument designer for Process Services, Incorporated at a salary of between $2,100.00 and $2,300.00 per month. Both parties list their expenses as absorbing their incomes.
Mrs. Reynaud has instituted this suit to have the Texas divorce judgment recognized and made executory in Louisiana for the purpose of having the award of child support increased. The defendant excepted to the jurisdiction of the Louisiana court over the subject matter of the action on the ground that the Texas court had already assumed jurisdiction over the matter, had rendered judgments thereon, and was exercising continuing jurisdiction which prevented the Louisiana courts from taking jurisdiction or concurrent jurisdiction over the instant suit. The exception was overruled, and in due course the suit came on for trial, after which the judge rendered judgment recognizing and making executo-ry the Texas decree, and increasing the award of child support to the sum of $175.00 per month, payable semimonthly. The defendant has appealed. We affirm.
It is established that a judgment of a sister state ordering payment of child support is not entitled to full faith and credit[1] in Louisiana if the laws of the state which rendered the judgment allow modification as to accrued installments. Lee v. Lee, 343 So.2d 428 (La.App. 3 Cir. 1977). On the other hand, if the accrued installments are not subject to modification at the discretion of the court under the laws of the state rendering the judgment, the judgment of a sister state ordering payment of child support must be given full faith and credit. Childers v. Childers, 373 So.2d 1388 (La.App. 1 Cir. 1979). Where modification is not permitted under the laws of a sister state, the judgment is considered final even though it may be modified as to future payments, and must be recognized and enforced when suit is brought on the judgment in a state other than the state in which the judgment was rendered. Baldwin v. Baldwin, 337 So.2d 245 (La.App. 3 Cir. 1976).
We have examined the laws of the state of Texas and are convinced that the Texas judgment in the instant case, insofar as accrued installments are concerned, can not be modified.[2] Hence, this judgment of *1193 our sister state, Texas, is a final judgment entitled to full faith and credit and recognition by Louisiana courts.
In interpreting Texas laws where the mother sought to have a Texas divorce judgment recognized in this State, to have arrearages in child support payments fixed, and judgment rendered for the amount due, the Court in Baldwin v. Baldwin, supra, held that since the support decree could not be modified as to accrued installments under Texas laws, the judgment was entitled to full faith and credit in Louisiana.
The Texas judgment decreeing child support in the instant case, like the Baldwin judgment, can not be modified as to accrued installments; consequently, we find that we are required to give full faith and credit to it.[3]
The defendant-appellant states his position as follows:
“Appellant, however, is appealing only that part of the judgment wherein the trial judge extended full faith and credit to (apparently) the whole of the foreign decree, which necessarily embraces the Texas court’s award of future periodic alimony [child support] payments, as well as his subsequent modification thereof. “Appellant does not appeal the recognition of the Texas divorce per se, nor does he appeal the merits of the support increase to $175.00 per month, if it is finally determined that the trial court had the authority to proceed as it did and to render the judgment complained of. If appellant’s position is determined to be correct, then, of course, no change from the original $80.00 award would be possible.”
(Emphasis by appellant.)
In other words, it is the appellant’s contention that if Louisiana courts must give full faith and credit to this divorce judgment, only the Texas court rendering the judgment has jurisdiction over the question of child support or any modification thereof. The appellant’s argument is that in order to modify this Texas support decree, the parties, although now domiciled and living in Louisiana, must return to Texas if they want to change the amount of child support.
In order to decide whether or not Louisiana courts are permitted, to modify the award of child support fixed in the Texas judgment, we again must consider the Full Faith and Credit Clause and its implementing statute, 28 U.S.C. § 1738, as construed by the jurisprudence. See Simons v. Miami Beach First National Bank, 381 U.S. 81, 85 S.Ct. 1315, 14 L.Ed.2d 232 (1965); Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); Annot. 14 L.Ed.2d 917.
We believe that the constitutional clause and the implementing statute mandate that the courts of each state must give judgments of the courts of every other state the same effect which the judgment would be accorded in the state which rendered it. It is clear that a foreign judgment has no constitutional claim to a more conclusive effect in the forum state than in the rendering state; the forum state is required to attach no greater importance to a foreign judgment than the state rendering it. State ex rel. Cahill v. James, 172 So.2d 299 (La.App. 1 Cir. 1965). Thus, so far as the full faith and credit clause is concerned, what Texas could do to modify the support decree, Louisiana may do. See State ex rel. Girtman v. Ricketson, 221 La. 691, 60 So.2d 88 (1952). In Texas, a child support decree is subject to modification of future payments (not accrued payments) for changed circumstances. Consequently, it was proper for the Louisiana court below to consider whether to grant an increase in *1194 child support payments.[4] Where a party petitions for an increase in the support award, as in the instant case, the party seeking the modification need only prove changed circumstances of a nature to convince the court that the requested change (increase/decrease) is warranted.[5] Gardner v. Gardner, 366 So.2d 1022 (La.App. 1 Cir. 1978); Mittelbronn v. Mittelbronn, 363 So.2d 1312 (La.App. 4 Cir. 1978).
Por the foregoing reasons, we hold that constitutional full faith and credit allows Louisiana courts to modify this Texas judgment as to future support payments. Accordingly, we affirm the trial court’s judgment at the appellant’s costs.
AFFIRMED.

. The Full Faith and Credit Clause, Article IV, Section 1, of the Constitution of the United States provides:
“Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.”
This Clause is implemented by 28 U.S.C. § 1738 which sets out the manner for authenticating the documents for use in other states. This statute also provides:
“Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.”

. The Texas Family Code provides as follows in Section 14.08(c):
“After a hearing and on finding that the circumstances of the child have materially and substantially changed and that modification is in the best interest of the child, any order or part of an order may be modified, except that an order providing for support for a child may be modified only as to obligations accruing subsequent to the motion to modify-”
*1193 The parties stipulated that under Texas law a Texas court is powerless to modify the support provisions of a divorce decree as to installments which have accrued. (R 60).

. It is well settled that Louisiana courts are powerless to deny a final judgment of a sister state full faith and credit unless the court of the state rendering the judgment lacked jurisdiction over the parties or the subject matter involved in the action. Holden v. Holden, 374 So.2d 749 (La.App. 3 Cir. 1979).

. The Louisiana court below had personal jurisdiction over the defendant since he was domiciled in East Baton Rouge Parish, Louisiana, and was properly served with process. A judgment for child support is a personal judgment, and the court has legal authority and power to render such a judgment only if it has jurisdiction over the person of the party against whom judgment is sought. See Imperial v. Hardy, 302 So.2d 5 (La.1974).
The Court in Imperial v. Hardy, supra, explained (302 So.2d at 7):
“While custody involves status and jurisdiction over the status is prdper at the domicile of the children, alimony (child support) does not involve status. It requires a money judgment supported by personal jurisdiction over the party cast. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878); Baker v. Jewell, 114 La. 726, 38 So. 532 (1905). Jurisdiction over the person is the legal power of the court to render a personal judgment against a party to an action or proceeding.”

. In his brief, appellant concedes the “merits” of the support increase to $175.00 per month if the trial court had authority to modify the Texas judgment.