Dolores E. CHESKEY, Plaintiff and Appellee,

v.

Cameron CHESKEY, Defendant and Appellant.

No. 13007.

Supreme Court of South Dakota.

Argued Oct. 17, 1980.

Decided Nov. 5, 1980.

Martin Weeks, Jr., of Bogue, Weeks & Rusch, Vermillion, for plaintiff and appellee.

Jack R. Von Wald of Robbins, Von Wald & O'Keefe, Selby, for defendant and appellant.

MORGAN, Justice.

The trial court entered judgment for appellee, Dolores E. Cheskey (now Parsons), for delinquent child support payments based on a prior modification of divorce decree, which modification allowed for child support payments from appellant, Cameron Cheskey. Appellant appeals from the judgment for delinquent child support payments. We modify in part and affirm as modified.

Appellant and appellee were married in 1955 and divorced in 1963. During that time there were four children born as issue of the marriage. At the time of the divorce appellee was awarded sole custody of the children, and appellant was not required to make any child support payments.

In December of 1970 appellee obtained an order to show cause based on her petition requesting child support payments from appellant. On January 6, 1971, a Los Angeles County Deputy Sheriff served appellant with the order to show cause and the petition. Appellant, pro se, filed an affidavit in opposition to the modification, which was considered by the trial court in making its determination concerning support payments. Neither appellant nor any counsel on his behalf made an appearance at the hearing. The trial court ordered that the decree be modified so that appellant be required to make child support payments of $50 per child, and that any delinquent payments were to be a lien and charge upon any property that appellant owned, or thereafter would acquire.

The Los Angeles County Sheriff's Department attempted to serve appellant, at the same address as he was previously served, with the findings of fact and conclu-

sions of law and the order modifying the divorce decree. The record contains a "Sheriff's Return," dated March 10, 1971, from Los Angeles County, which states that appellant could not be found in the county because "Defendant no longer lives at location, 3216 Rimhill Rd., La Crescenta, per Brother, La Rue Cheskey, whereabouts unknown." Appellee then attempted to locate appellant through his family, but was unable to do so.

On August 29, 1972, appellee wrote a letter to her lawyer in order to have him send the pertinent papers to a lawyer friend of appellant's who thought he might be able to locate appellant to have him served. They were unsuccessful in locating appellant.

During the spring of 1974 appellee wrote a letter either to appellant's sister or to appellant in care of his sister. No direct contact was made with appellant at that time, and appellant did not respond to the letter.

In March of 1978 appellee received information that appellant was living in the Mobridge, South Dakota, area, and that he had remarried. In April of 1978 appellee tried to contact appellant. She called him at his home, but his wife answered, and after a very short conversation, she hung up on appellee.

Appellee then initiated proceedings to obtain the delinquent support payments. The Waldworth County Sheriff served appellant with an application for judgment, order to show cause, and the order modifying the judgment and decree of divorce. Appellant, through counsel, filed an affidavit in response, in addition to a motion to vacate the modified judgment.

After considering briefs on the issues filed by the parties, and after a hearing on the matter, the trial court denied the motion to vacate the modified judgment and entered judgment for appellee stating that she should recover the delinquent payments in the amount of $13,200.00, and interest in the amount of $6,855.75 (figured to the date of judgment, November 1, 1979), for a total of $20,055.75. On appeal appellee concedes that the interest was incorrectly figured, and that it should only be $4,541.20.

■ Appellant first argues that the original divorce decree remained in effect even though there was a later modification. He bases his argument on the fact that he was not served with the modification order, nor did he have knowledge of it before October 1978. He was, however, aware that appellee was taking action to have the divorce decree modified, and he appeared in the proceedings by submitting an affidavit in opposition to such a modification order. Yet appellant contends that under SDCL 15 6 60(b)(6) [1] the trial court should have granted his motion to vacate the modification order.

Appellant concedes that South Dakota does not have a statute which requires that notice of entry of judgment or order must be given to the adverse party. He argues, however, that such notice was implied in SDCL 15 26 2,[2] which read, in pertinent part, as follows:

Any appeal other than from a judgment must be taken within sixty days after written notice of the filing of the order shall have been given to the party appealing.

What SDCL 15 26 2 did, as SDCL 15 26A 6 does, was to allow the running of time for an appeal from the date of written notice, so that if an adverse party did not receive written notice of the filing of the order, his right to appeal would not have been waived. In this case appellant's right to appeal from the modification order began to run when he received written notice. He then had sixty days within which to appeal. The statute may not be expanded to mean that appellant had to receive writ-

---

1. SDCL 15·6 60(b)(6) reads:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

.    .    .    .    .

(6) Any other reason justifying relief from the operation of the judgment.

2. SDCL 15 26 2 was repealed in 1980. See 1980 S.D. Sess. Laws ch. 166, § 1 and SDCL 15 26A 6.

ten notice of the filing of the order before it could be effective.

Appellant was properly served with the motion, after which he filed with the court an affidavit opposing the motion. "[D]ue process required that appellant have fair notice from an appropriate pleading that an increase in the amount of the support award was being sought and was under consideration, so that he might have reasonable opportunity to offer evidence touching both the needs of the children and his ability to pay." *Wansley v. Schmidt*, 186 So.2d 462, 465 (Miss. 1966). Appellant received such notice and filed his affidavit for the trial court to consider in its determination of whether he should pay support, so he was fully aware that appellee was pursuing such action. The fact that he was not served with the final order did not detract from the order's validity, but rather, it only delayed the running of the sixty-day appeal period. We hold, therefore, that the January 1971 modification order was and still is valid.

Appellant next argues that appellee was dilatory in her attempt to collect the past due support payments, and that such delay will result in prejudice to him if she is now, several years after the modification order, allowed to collect. "To support a determination that laches bars plaintiff's action it must be found that ... he engaged in an unreasonable delay before commencing the suit and that allowing him to maintain the action would prejudice other parties." *Golden v. Oahe Enterprises, Inc.*, 90 S.D. 263, 277, 240 N.W.2d 102, 110 (1976).

Laches ... may be interposed in a proper case in defense of proceedings to collect unpaid support payments.

While recognizing such a possible defense ... authorities make it clear the father must show he has been materially prejudiced by the mother's delay in asserting her rights. Prejudice cannot be inferred merely from the passage of time. Defendant showed no prejudice in this case. Certainly it does not amount to prejudice that he may have grown in the belief he had escaped his obligations because plaintiff had wearied of her collection attempts.

Moreover there is no serious indication plaintiff should or could have done more to compel payment.

*Cullinan v. Cullinan*, 226 N.W.2d 33, 36 (Iowa 1975) (citations omitted).

As previously noted, appellee tried on several occasions after the entry of the modification order to locate appellant, but she was unable to do so. Even so, appellant argues in his brief that appellee was not diligent in her efforts and that "[b]y such delay, Appellant was prejudiced because the application was made at a time when Appellant became unemployed and when his financial ability had deteriorated to where he could not afford to support himself much less anyone else." Yet appellant's own evidence fails to support this contention.

■■ The trial court in the instant case made the following Findings of Fact:

5.

After the hearing on [appellee's] application for modification of said decree of divorce, [appellant] secreted his whereabouts and thereafter made no effort to communicate with [appellee], but rather removed himself from his residence in California, leaving no forwarding address and avoided all contact with [appellee] until 1978.

6.

[Appellee] brought this proceeding to reduce her claim to judgment within a reasonable time after she learned the whereabouts of [appellant] and determined that he could be made subject to the jurisdiction of this Court.

"We cannot set aside the trial court's findings of fact unless they are clearly erroneous and we are, after a review of all the evidence, left with a definite and firm conviction that a mistake has been made." *Matter of B.E.*, 287 N.W.2d 91, 95 (S.D. 1979). In the instant case the trial court's findings of fact are not clearly erroneous, since we find ample evidence in the record which supports these findings.

Our foregoing holdings effectively dispose of appellant's issue that the judgment in favor of appellee for delinquent child

support payments constituted an invalid retrospective modification of the original divorce decree.

Appellant argues and appellee concedes that the interest computation in the judgment is incorrect, and that the correct amount should be $4,541.20 ($3,749.20 to October 1, 1978, and $792.00 from October 1, 1978, to the date of judgment).

We therefore modify the judgment by amending the interest allowed to read $4,541.20, and as so modified, the judgment is affirmed.

All the Justices concur.