403 So.2d 129 (1981)
Jack Robert DIAMOND
v.
Doris F. DIAMOND.
No. 52833.
Supreme Court of Mississippi.
September 2, 1981.
Joseph R. Meadows, Graves, Riley, Meadows & Walker, Gulfport, for appellant.
Alfred R. Koenenn, Gulfport, for appellee.
Before PATTERSON, C.J., and SUGG and BROOM, JJ.
*130 SUGG, Justice, for the Court:
Appellant sued his wife for divorce in the Chancery Court of Hancock County. He alleged that the six-year old daughter of the parties was in the custody of appellee, who was a fit and suitable person to have the custody of the child, and that he was willing and able to pay $350 per month as child support. He prayed that custody of the child be awarded to appellee subject to his right to have the child visit him. Appellee filed an answer but did not file a cross-bill for affirmative relief. The trial court granted appellant a divorce, awarded appellee $1,200 per month alimony, custody of the child, together with $350 per month for child support, ordered appellant to furnish an automobile for appellee and the child during minority of the child, and to make all mortgage payments on the homestead of the parties.
On appeal, appellant contends the trial court erred by requiring him to pay alimony, to furnish an automobile to appellee and their minor child, and to make the mortgage payments on the homestead of the parties. Appellant does not question the award of support of the child and the other provisions of the final decree, so the question is whether the court erred in granting appellee affirmative relief as to the items appealed from without filing a cross-bill.
Appellee was awarded alimony pursuant to section 93-5-23 Mississippi Code Annotated (Supp. 1980), which provides:
When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife or the husband, or any allowance to be made to her or him, and may, if need be, require sureties for the payment of the sum so allowed. The court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require. However, *131 where proof shows that both parents have separate incomes or estates, the court may require that each parent contribute to the support and maintenance of the children of the marriage in proportion to the relative financial ability of each.
Although the chancery court is authorized under the above statute to fix the amount of alimony as may seem equitable and just, taking into consideration the circumstances of the parties, this may be done only after the question of alimony is presented to the court by proper pleadings. In Fondren v. Batton, 348 So.2d 431 (Miss. 1977), we held the chancery court was without authority to award a wife alimony in a divorce proceeding where the wife's bill only prayed for divorce, restoration of her maiden name, and for general relief. We observed that due process required the husband to have fair notice in an appropriate pleading that alimony was being sought so that he might answer and offer evidence pertaining to the allowance of alimony.
In Scott v. Scott, 219 Miss. 614, 69 So.2d 489 (1954), we affirmed a decree denying the award of alimony because the wife did not ask for the allowance of alimony in her bill of complaint. In this case, if the wife desired to have the trial court consider the question of alimony, she should have filed a cross-bill. In Millsaps v. Pfeiffer, 44 Miss. 805 (1870), we held that a defendant cannot pray anything in an answer except to be dismissed with costs and if he desires affirmative relief, he must file a cross-bill. There are exceptions to the rule, but allowance of alimony to a defendant who does not file a cross-bill is not one of the exceptions.[1]
The question of alimony was not presented to the court by appellee in her pleadings. Therefore, we hold the trial court erred by awarding alimony to appellee.
We reach a different conclusion regarding the provisions of the decree requiring appellant to furnish an automobile and to make mortgage payments because these allowances were elements of child support, and appellant injected the question of custody and support of the minor child in his original bill of complaint. This holding is not contrary to Fortenberry v. Fortenberry, 338 So.2d 806 (Miss. 1976) and Wansley v. Schmidt, 186 So.2d 462 (Miss. 1966). In Fortenberry the husband filed suit for divorce and the wife did not file any pleadings asking for support of the minor children of the parties. The trial court ordered the husband to contribute $75 per month for the support of the children. On appeal, we reversed and stated:
It is true that the chancery court is authorized under Mississippi Code Annotated section 93-5-23 (1972) to make such order as is deemed equitable and just with respect to the support of minor children of a marriage. However, this may only be done after a full and complete hearing, after due notice of the purpose of the hearing, at which the parties have an opportunity to call witnesses in their behalf and be heard by themselves or counsel.
Praiseworthy as the chancellor's actions were in attempting to provide for the support of these minor children, to do so without any pleading praying for same arbitrarily deprived appellant of due process. (338 So.2d at 807)
In Wansley the parties were before the court on a petition for change of custody, and the trial court increased a child support award without any pleading requesting such increase. We reversed, holding that due process required fair notice by an appropriate pleading that an increase in the amount of support was being sought so that the husband might have a reasonable opportunity to offer evidence touching both the needs of the children and his ability to pay. We distinguish Fondren and Wansley from *132 this case because appellant placed the question of child custody and support in issue in his original bill.
Therefore, we affirm the provisions of the decree requiring appellant to furnish an automobile and to make all the mortgage payments on the homestead of the parties as a part of child support. However, we reverse the decree insofar as it requires appellant to pay alimony to appellee and modify the decree of the trial court by eliminating the allowance of alimony.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
NOTES
[1] For a discussion of the exceptions to the general rule, see Griffith's Mississippi Chancery Practice, section 376 (1st Ed. 1925).