CHEHARDY, Judge.
Kire C. Mitchell Jr. appeals from a judgment of the 24th Judicial District Court for the Parish of Jefferson that recognized a Mississippi decree of diyorce between him and his former wife, Jolanda (Yolanda) Cos-tanza Mitchell. In addition to granting full faith and credit to the Mississippi divorce, the Louisiana judgment found Mrs. Mitchell free from fault and awarded her permanent alimony in the amount of $300 per month. Mr. Mitchell contests the alimony award.
Mr. Mitchell had been the complainant in the Mississippi proceedings. That judgment, rendered on October 26, 1982 by the Chancery Court of Hancock County, Mississippi, granted the divorce on the ground of “habitual cruel and inhuman treatment accorded the Complainant [Mr. Mitchell] by the Defendant [Mrs. Mitchell].” Although the parties’ matrimonial domicile was in Jefferson Parish, at the time he sought the divorce Mr. Mitchell was a resident of Mississippi. Mrs. Mitchell has continuously resided in Louisiana and was served with the divorce suit by certified mail. She seems to have made no appearance in the Mississippi court and the judgment of divorce apparently was obtained by default. She did not appeal the judgment.
Instead, on November 29, 1982, she filed suit in Jefferson Parish to have the Mississippi judgment recognized and made the judgment of the Louisiana court. She also averred she was without fault in the original separation between the parties and sought permanent alimony. Further, she alleged that certain community property had been acquired by the parties and requested partition thereof in due course.
Mr. Mitchell filed exceptions of res judi-cata and improper use of summary proceedings. He alleged that the question of fault had been settled by the Mississippi judgment, which found Mrs. Mitchell at fault. Secondly, he asserted that Mrs. Mitchell was improperly attempting to partition the community property by summary proceedings. The district court denied the exception of res judicata but granted the exception of improper use of summary proceedings. Mrs. Mitchell complied with the latter ruling and filed a supplemental and amending petition.
On February 9, 1984 the rule for alimony was heard; judgment was rendered on that date but was not signed until February 24, 1984. (Although Mr. Mitchell’s motion and order for appeal were filed and signed on February 22, 1984, their prematurity was cured by the subsequent signing of the judgment.) Various proceedings concerning the alimony payments have taken place *1154 in the district court between the time the judgment was signed and the time the record was lodged in this court, but those matters are not before us on this appeal.
On appeal Mr. Mitchell makes the following arguments:
(1) The Mississippi divorce judgment is now final under Mississippi law and therefore it has the same effect as if rendered by a Louisiana court;
(2) Mrs. Mitchell may not request that the courts of this state recognize the foreign judgment and at the same time try to modify that judgment by these proceedings, which are collateral to the original divorce proceedings;
(3) Mrs. Mitchell’s only basis for attacking the Mississippi judgment would be through proceedings to annul that judgment but she has not done so; and
(4) Since a determination of fault was made by the Mississippi court and that determination is final, the district court erred in relitigating the issue of fault; accordingly, the award of alimony based thereon is improper because under Louisiana law a wife may not receive alimony unless she is found to be free from fault in the breakup of the marriage.
We find merit in Mr. Mitchell's position, although for different reasons than those assigned by him.
Once a judgment of another state has been properly recognized and made the judgment of the Louisiana court, it has the same effect as if it were rendered by the Louisiana court. Patterson v. Patterson, 436 So.2d 603 (La.App. 4 Cir.1983); Hastings v. Dinning, 308 So.2d 451 (La.App. 3 Cir.1975), writ denied 310 So.2d 851. See LSA-C.C.P. art. 2541. However, the general rule is that substantive rights are determined by the law of the place where the action arose (lex loci), while procedural rights are governed by the law of the place of the forum (lex fori). Patterson v. Patterson, supra.
In Brown v. Brown, 387 So.2d 565 (La.1980), the court stated that Louisiana will give the same full faith and credit to a divorce decree of another state as it would have in the state in which it was rendered. That case involved proceedings to recognize an Arkansas divorce judgment in Louisiana. Under Arkansas law, because the judgment was silent on the issue of alimony and the wife had neither requested alimony in the Arkansas suit nor reserved her right to do so, recovery of alimony in Arkansas would have been precluded by the doctrine of res judicata. Our Supreme Court ruled the ex-wife could not obtain alimony in the Louisiana proceeding; rather, the Arkansas judgment was required to be given the same preclusive effect it would have had in Arkansas. See also, Reynaud v. Reynaud, 387 So.2d 1191 (La.App. 1 Cir.1980).
In the case of In Re Williams, 288 So.2d 401 (La.App. 4th Cir.1974) the Fourth Circuit dealt with the issue now before us. In that case, the wife (through a curatrix) sought alimony from her former husband. He asserted that their Mississippi divorce decree was based on her fault (i.e., desertion) and therefore that she was precluded from relitigating that question. The Fourth Circuit concluded that Mississippi law does not necessarily prohibit the granting of alimony to a wife found at fault for desertion. Applying the full faith and credit provision of the United States Constitution, the court ruled, “it reasonably follows that no greater effect can be given in the Louisiana courts to a Mississippi decree than is given in Mississippi.” The court concluded the Louisiana trial court had the right to hear and to consider the question of the wife’s freedom from fault.
The Mississippi law dealing with alimony after divorce is Miss.Code Ann. 93-5-23 (1972), which states, in pertinent part,
“When a divorce shall be decreed from the bonds of matrimony, the court may, at its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders * * * touching the maintenance and alimony of the wife or the husband, or any allowance to be made to her or him * * *. The court *1155 may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require.
Thus Mrs. Mitchell is not statutorily prohibited from receiving alimony by the Mississippi court’s determination that she was at fault. The jurisprudence indicates that although alimony generally is not awarded to the party who was at fault in the divorce, it is a matter within the trial judge’s discretion and may be allowed, at least on a limited basis, where financial circumstances of the offending party warrant it. See Chaffin v. Chaffin, 437 So.2d 384 (Miss.1983); Wires v. Wires, 297 So.2d 900 (Miss.1974).
However, the caselaw contains an important exception to this discretionary basis for alimony. Permanent alimony will not be granted if that issue was not specifically raised by the pleadings in the divorce suit. See Moore v. Moore, 363 So.2d 286 (Miss.1978); Fondren v. Batton, 348 So.2d 431 (Miss.1977).
In Diamond v. Diamond, 403 So.2d 129 (Miss.1981), the Mississippi Supreme Court denied permanent alimony to a wife who filed an answer to her husband’s bill of divorce but did not file a cross-bill of complaint. The court stated that “a defendant cannot pray anything in an answer except to be dismissed with costs and if he desires affirmative relief, he must file a cross-bill. There are exceptions to the rule, but allowance of alimony to a defendant who does not file a cross-bill is not one of the exceptions.” 403 So.3d at 131. Because the question of alimony was not presented to the trial court by the wife in her pleadings, the appellate court reversed the alimony award.
The status of Mississippi law on this point is neatly summarized by N. Shelton Hand Jr. in Mississippi Divorce, Alimony & Child Custody (1982 and Supp.1985):
“The statute which authorizes alimony must not be read literally. Such a reading would clearly infer that the court has discretion, even without prayer, to make all orders touching the maintenance and alimony of either the husband or the wife. Such is not the case and where alimony is not prayed for, it will not be granted. Where permanent alimony is not granted at the trial and no appeal is taken from that trial order, no alimony may be ordered on a later modification hearing. A claim for alimony is essential * * *
“It is therefore incumbent upon the party seeking alimony to pray for that particular relief at the trial level if any is expected. * * * If no prayer for alimony is included in the pleadings at trial * * * and if there is no grant of alimony at the trial level, none may ever be granted, either initially or by way of later modification.” (Footnotes omitted.) Id., at 11-2.
Applying these rules of law to the case at bar, we conclude the Louisiana courts may not grant alimony to Mrs. Mitchell. We are required to give the Mississippi judgment of divorce the same effect it would have in Mississippi. Because Mrs. Mitchell neither sought alimony in the Mississippi proceedings nor reserved her right to do so, and those proceedings are final, she is precluded from seeking alimony in Louisiana. See Brown v. Brown, supra.
Accordingly, the trial judge in this case erred in awarding Mrs. Mitchell alimony.
For the foregoing reasons, the judgment of the district court is reversed insofar as it found Yolanda Costanza Mitchell free of fault and awarded her permanent alimony. In all other respects it is affirmed. Each party is to pay his or her own costs for this appeal.
REVERSED.