# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 93-CA-01391-SCT

*JAMES O'NEAL MARBLE*

*v.*

*MISSISSIPPI DEPARTMENT OF HUMAN SERVICES*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/10/93 |
| TRIAL JUDGE: | HON. JERRY G. MASON |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | ROBERT D. JONES |
| ATTORNEY FOR APPELLEE: | JOHN W. CAPERS |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 2/27/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DAN LEE, C.J., PITTMAN AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

The Chancery Court of Lauderdale County granted judgment against James O'Neal Marble for past due child support and found him to be in contempt of court for failure to pay, from which judgment Marble appeals to this Court. On appeal, Marble assigns as error the following issues:

> **I. WHETHER THE JUDGMENT FOR PAST DUE CHILD SUPPORT AND CONTEMPT VIOLATED MARBLE'S DUE PROCESS RIGHTS SINCE THE ORIGINAL PETITION NEITHER PRAYED FOR CHILD SUPPORT NOR NAMED AS A PARTY ONE OF THE PERSONS THEREAFTER AWARDED CHILD CUSTODY AND SUPPORT.**

> **II. WHETHER THE CHANCELLOR IMPROPERLY CONSTRUED THE ORIGINAL COURT ORDER TO REQUIRE MARBLE AND HIS EX-WIFE TO PAY CHILD SUPPORT IN THE AMOUNT OF $25 PER WEEK EACH, FOR A TOTAL OF $50 PER WEEK, RATHER THAN TO REQUIRE THEM TO PAY $25 PER WEEK**

**COLLECTIVELY.**

**III. WHETHER THIS ACTION FOR PAST DUE CHILD SUPPORT AND CONTEMPT SHOULD BE BARRED WHERE THE PARTIES TO WHOM PAYMENTS WERE DUE SOUGHT NO RECOVERY FOR ANY ALLEGED ARREARAGES FOR THIRTEEN YEARS, AND WHERE SUCH PARTIES RECEIVED PAYMENTS OF $25 PER WEEK PURSUANT TO AN AGREEMENT BETWEEN MARBLE AND HIS EX-WIFE.**

## FACTS

James O'Neal Marble married Melanie Ramona Marble, of which marriage a child, Cassandra Eugenia Marble, was born. Less than a year later, James and Melanie were divorced. In 1979 Melanie and her mother, Florine Watts, filed a Petition to Modify Former Divorce Decree by which they sought to have custody of the child, Cassandra, placed with Florine Watts, the child's natural grandmother. The petition did not request child support, nor did it name as a petitioner Bobby Ray Watts, Florine Watts' husband, who was not the child's natural grandfather. After a hearing on the petition, the Chancery Court of Lauderdale County rendered an Order Modifying Former Decree which, in addition to granting custody of the child to Florine and Bobby Ray Watts, provided:

> It is, further, ordered, adjudged and decreed that the natural father, James O'Neal Marble and the natural mother, Melanie Ramona Marble be and are hereby ordered to pay child support unto Bobby Ray Watts and Florine Watts for the use and benefit of the minor child aforementioned <u>in the sum of $25.00 per week to be paid by each parent</u> for said use and benefit of the minor child Cassandra Eugenia Marble.

(Emphasis added.)

In 1992 the Mississippi Department of Human Resources, on behalf of Florine Watts, filed a petition against James Marble for contempt and for past due child support. At the hearing in August of 1993, Florine Watts testified that from 1979 to 1993 she received child support payments in the amount of $25 per week from Melanie Marble, but received no payments from James Marble. An affidavit by Florine Watts showed an arrearage in child support payments by James Marble in the amount of $17, 050. The Chancery Court of Lauderdale County granted judgment against Marble for the arrearage in child support payments and found him to be in civil contempt of court for his failure to pay.

## DISCUSSION OF LAW

### I.

This Court has held that it is error to award child support where such payments have not been sought in the pleadings. ***Morris v. Morris***, 359 So. 2d 1138, 1139 (Miss. 1978); ***Fortenberry v. Fortenberry***, 338 So. 2d 806, 807 (Miss. 1976). It is also true that "a decree in equity cannot adjudicate the rights or liabilities of persons not parties to the proceeding." ***Baker by Williams v. Williams***, 503 So. 2d 249, 254 (Miss. 1987). This Court has further stated:

These cases, however, do not characterize the judgment as void. Had Mr. Miller filed a 60b motion or appealed the final decree on this ground, no doubt that portion of the decree would have been stricken. Unfortunately, he paid the alimony and child support for three years before complaining about any due process violation, and we hold that decree is now final and any due process right has been waived.

*Miller v. Miller*, 512 So. 2d 1286, 1288 (Miss. 1987).

Rule 60(b) of the Mississippi Rules of Civil Procedure requires an attack on a judgment as being void to be made "within a reasonable time." In *Gambrell v. Gambrell*, 644 So. 2d 435, 439 (Miss. 1994), this Court held that it was not reasonable for the husband to wait nearly seven months after the divorce decree went into effect before first challenging a portion of the decree as void. The Court found it significant that the husband "may have never challenged the decree on this basis were it not for the fact that he was forced to return to court in response to his ex-wife's contempt motions." *Gambrell*, 644 So. 2d at 439. In the case *sub judice*, the child support order was in effect for some thirteen years before Marble raised his due process challenge. Also, it certainly appears that he might never have raised this challenge had he not been brought into court to answer DHS' petition for contempt. We therefore find the 1979 child custody and support decree to be valid, and hold that Marble has waived any due process rights.

## II.

The original chancery court order provided that Marble and his ex-wife would pay child support "in the sum of $25.00 per week to be paid by each parent." Marble argues that this order required only one weekly payment of $25 from Marble and his ex-wife collectively, and thus the uncontradicted payments made by Melanie Marble fully satisfied the court order.

Since a judgment decree is a legal text, questions of its meaning are to be answered by reference to the same rules of construction which appertain to other legal documents. *Estate of Stamper*, 607 So. 2d 1141, 1145 (Miss. 1992); *Gillum v. Gillum*, 230 Miss. 246, 255, 92 So. 2d 665, 668 (1957). Where the question before the Court is essentially one of interpretation of a legal text, the standard of review is *de novo*. *Webster v. Webster*, 566 So. 2d 214, 216 (Miss. 1990). This Court's task is to "give the prior decree the most coherent and principled reading its words will bear." *Estate of Stamper*, 607 So. 2d at 1145.

Upon examination of the language, "in the sum of $25.00 per week to be paid by each parent," there can be no credible argument other than that the order required James Marble and Melanie Marble each to make individual payments of $25 per week, for a total of $50 per week. In considering the meaning of the word "each," the Seventh Circuit Court of Appeals put it well by stating, "The word 'each' is not uncertain. It is a dominant word and does not admit of question." *Leroux & Co. v. Merchants Distilling Corp.*, 165 F.2d 481, 482 (7th Cir. 1948). Giving the word "each" its plain and ordinary meaning, we find there is no vagueness or ambiguity in the terms of the instant child support order. Furthermore, we find that requiring two separate payments of $25 per week, for a total of $50 per week for the support of a minor child, is a more "principled" reading of the words in the order than that requiring only a single payment of $25 per week. Accordingly, we hold that the chancellor did not err in construing the order to require Marble and his ex-wife to pay child support in the

amount of $25 per week <u>each</u>, for a total of $50 per week.

## III.

Under this assignment of error, Marble raises two defenses which, although not clearly set forth, are most closely akin to those of *laches* and of accord and satisfaction. However, Marble cites no authority in his brief to support either of these defenses. On appeal, the burden of persuasion is on the appellant. Therefore, this Court will not consider issues on appeal for which the appellant cites no supporting authority. ***Century 21 Deep South Properties, Ltd. v. Corson***, 612 So. 2d 359, 370 (Miss. 1992); ***R.C. Petroleum, Inc. v. Hernandez***, 555 So. 2d 1017, 1023 (Miss. 1990). We accordingly decline to consider the issues presented under this assignment of error.

## <u>CONCLUSION</u>

Finding no error among Marble's assignments, we affirm the chancery court judgment below.

**AFFIRMED.**

**PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR. LEE, C.J., CONCURS IN RESULTS ONLY. SULLIVAN, P.J., NOT PARTICIPATING.**