BRANTLEY, J.,
for the Court:
¶ 1. Stephanie Sadler McMurry sought to regain custody of her two minor children in a motion for modification and change of former judgment. The Chancery Court of Neshoba County dismissed her motion for falling to state or allege that a material change in circumstances has occurred which adversely affects the children. Stephanie appeals, asserting that the chancellor erred in dismissing the motion without a hearing on the merits. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. The parties herein, William Sadler and Stephanie Sadler McMurry, were divorced in April 1991. Two children were born of the marriage, namely, Thomas J. Sadler, born August 23, 1988, and Christopher A. Sadler, born August 22, 1989. Primary custody and care of the minor children of the parties was awarded to Stephanie. In February 1997, following a modification hearing, William was awarded primary care and custody of the children and Stephanie was granted visitation privileges. In 1999, William moved to South Carolina taking the children with him. In 2000, William agreed for Thomas to temporarily return to live with Stephanie for the 2000-2001 school year so he could attend a local school and be taught by his grandmother.
¶3. On June 2, 2001, William brought Christopher to join his mother and brother for an agreed visitation set out in the modified order. Both children were sup *242 posed to return to South Carolina at the end of the visitation. On June 28, Sadler attempted to contact and inform Stephanie that he would pick the children up in Tal-ladega, Alabama, on June 30 according to their agreement. William went to the location, but Stephanie and her two sons were not there. William drove to Mississippi to pick up his children the following week. Christopher was there, but Thomas was not. Stephanie did not return Thomas as provided for in the court order. William then, without success, requested the sheriffs department to aid him in the return of Thomas.
¶4. On July 16, 2001, William filed a writ of habeas corpus requesting the court to require Stephanie to appear with Thomas and show cause why physical custody should not be immediately restored to William. The hearing began on this matter and Stephanie was present, but not represented by counsel. After the hearing that day, she obtained counsel and filed her response to the writ and a motion for modification and change of former judgment seeking custody of the children. The motion asserted improved changes in the non-custodial home, a possible arrest of William on false pretense, a mere assertion that William was not rearing, training, or educating the boys as they should be, and claims that William travels away from the home for weeks while leaving the boys with a live-in girlfriend. The motion also stated that it would be detrimental for the boys to leave her home, especially Thomas Jeremy Sadler, because his grades improved while staying with her. The hearing on the writ of habeas corpus was continued the next day. An order in response to the writ of habeas corpus was entered by the chancery court immediately returning custody of Thomas to William.
¶ 5. William filed an answer to Stephanie’s motion for modification and change of former judgment, wherein he included the following affirmative defenses: “[t]he motion fails to state a claim upon which relief can be granted” and “[t]he motion fails to show that if indeed a material change in circumstances has occurred, as alleged, that said material change in circumstances is adverse to the best interest of the minor children.” William also included in his filing a motion to dismiss.
¶ 6. At the beginning of the hearing on August 14, 2001, for Stephanie’s motion for modification and change of former judgment, William objected to the motion contending that the motion did not state or allege that a material change in circumstances had occurred which adversely affected the minor children. In response, Stephanie asserted that the motion did contain allegations of material changes in the circumstances and parties involved. The chancellor stated that a material change is not enough and asked Stephanie’s counsel twice, “what is the other word that is missing,” to which the chancellor also answered, “adverse.”
¶ 7. Stephanie’s counsel responded, “that is just a conclusion that we have got to reach. Words alone, that ain’t the facts we allege.” He further noted that they could amend the statement by including, “that it would be adverse for the children to stay with [William].” The chancellor replied “that is not the case law either.”
¶ 8. The chancellor then sustained the motion to dismiss with leave to amend, noting that the substance of the amendment “has got to be adverse.” The chancellor also stated that “the pleadings were insufficient” and “not in a position now to go to trial.” Stephanie’s counsel amended her motion ore tenus. The substance of the amendment was that if the modification granting the mother custody was not allowed, the children would be adversely affected. The chancellor responded, ask *243 ing counsel twice to confirm that the substance of the motion to amend was “that if the decree is not modified there will be an adverse effect.” Counsel affirmatively responded both times.
¶ 9. Following the amendment, counsel for William renewed his motion to dismiss asserting that the amendment failed to state or allege that a material change in circumstances had occurred which adversely affected the minor children. The chancellor sustained William’s motion and dismissed the case. A final order was entered on August 23, 2001, dismissing the motion for modification and change of former judgment with prejudice.
STANDARD OF REVIEW
¶ 10. The chancellor’s determination that the motion did not meet the pleading requirements was a finding of law. Therefore, this court reviews the chancellor’s interpretation and application of the law de novo. McCubbin v. Seay, 749 So.2d 1127(¶ 5) (Miss.Ct.App.1999).
ASSIGNMENTS OF ERROR
I. WHETHER THE COURT ABUSED ITS DISCRETION BY NOT CONDUCTING A HEARING AND AWARDING APPELLANT CUSTODY OF HER TWO MINOR CHILDREN. II. WHETHER THE PLEADINGS AND THE FACTS EFFICIENTLY SHOW A CHANGED CONDITION AND CIRCUMSTANCE THAT ADVERSELY AFFECTED THE MINOR CHILDREN AND WHETHER THE COURT ERRED IN NOT GRANTING THE MODIFICATION AND AT LEAST HAVING A HEARING ON THE MERITS.
DISCUSSION
¶ 11. In this case, the chancellor ruled the pleadings filed by Stephanie as a matter of law were not in proper form to go to trial because they did not state there had been a material change in circumstance which adversely affected the children. She was given two additional opportunities by the chancellor to correctly amend her pleadings but still failed to incorporate the necessary language to permit the case to proceed on its merits. Although Stephanie specifically presents the above two issues as assignments of error, these issues are being consolidated into one issue for review.
I. WHETHER THE CHANCELLOR ERRED BY DISMISSING THE MOTION FOR MODIFICATION.
¶ 12. Stephanie argues that the court erred by dismissing her motion without a hearing on the merits. In order for a chancellor to have the inherent power and duty to proceed with a custody modification hearing and to render a judgment, the court must have jurisdiction of the parties and the subject matter and in such a proceeding, the issue must be before the court by proper pleadings and supported by competent evidence. See Wansley v. Schmidt, 186 So.2d 462, 465 (Miss.1966). The chancellor found that the pleadings as a matter of law failed to state or allege that a material change has occurred which adversely affects the children.
¶ 13. We now look to see whether a motion for modification of custody must allege that a material change in circumstances has occurred which adversely affects the minor children. The Mississippi Supreme Court held that the prerequisites to the modification of child custody are: (1) proving a material change in circumstances which adversely affects the welfare of the child and (2) finding that the best interest of the child requires the change of custody. Touchstone v. Touchstone, 682 So.2d 374, 377 (Miss.1996). In *244 addition, for the custody order to be modified so as to transfer custody to the noncustodial parent, the non-eustodial parent must prove that since the entry of the decree or order sought to be modified, a material change of circumstances has occurred within the custodial home which adversely affects the minor child’s welfare. Polk v. Polk, 589 So.2d 123, 129 (Miss.1991). Therefore, in order for the court to proceed on a matter for custody modification, the pleadings must contain allegations that a material change has occurred which adversely affects the child.
¶ 14. In the present case, we find that Stephanie did not specifically state or allege in her original motion that a material change has occurred which adversely affects the children and did not correctly amend her pleadings to include such an allegation. Inconsistent with prevailing case law, her amendments only alleged that an adverse effect would occur if the modification was not granted. The court properly dismissed the motion with prejudice since her original motion and amendments were insufficient to proceed on the merits of the case. See Wansley, 186 So.2d at 465. Therefore, we find that the chancellor did not err and this assignment of error is without merit.
¶ 15. THE JUDGMENT OF THE NESHOBA COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, MYERS AND CHANDLER, JJ., CONCUR. KING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE AND IRVING, JJ.