466 So.2d 889 (1985)
Stanley WATTS, Jr.
v.
Eloise WATTS.
No. 55366.
Supreme Court of Mississippi.
March 13, 1985.
Garland D. Upton, Columbia, for appellant.
William Harold Jones, Petal, for appellee.
Before ROY NOBLE LEE, P.J., and PRATHER and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This is an appeal from a decree granting a divorce absolute of the parties after seventeen years of marriage. The sole issue in this case is whether the chancellor was acting beyond his authority in requiring appellant to grant a deed to the appellee for an undivided one-half interest in twenty *890 acres of real property. This tract of land was purchased during the course of the marriage, adjoining a thirty acre tract which had been given to appellant by his father. Appellant had been employed at a regular job which paid well, until he was disabled with a back injury. Afterwards, he lived on his compensation benefits and proceeds from a pear orchard. Appellee is a nurse and in the course of the marriage she also worked as a baby-sitter, seamstress, produce seller and other odd jobs in order to care for her infant children. When the children were older, she returned to her employment as a nurse. The twenty-acre tract was put in appellant's name alone although the wife signed the mortgage and contributed payments toward it. It should be noted that appellee sold her house and land when she married appellant, contributing these proceeds to the marriage. The domicile of the parties was destroyed twice, with the insurance proceeds insufficient to rebuild.
This Court feels compelled to address the asserted doctrine that the chancery court cannot divest a spouse of title to property, forcing that spouse to deed it to the other spouse by judicial decree. McCraney v. McCraney, 208 Miss. 105, 43 So.2d 872 (1950). While that is the general rule, it is not an absolute rule. Our decision here will not create new law, nor overrule any old law; but it will elucidate established exceptions to this rule.
The first such exception to this general rule of law is where there is a consent decree wherein the parties agree to such a division of realty and it is incorporated into the divorce decree itself. Wray v. Langston, 380 So.2d 1262 (Miss. 1980). In Wray this Court cited, Griffith, Miss. Chancery Practice, § 618, at 664 (2d ed. 1950), to the effect that:
A consent possesses the attributes of a contract and, when duly authenticated, and especially after being filed, it is binding on consenting parties, if competent to contract, and cannot be set aside or reviewed, except on a clear showing that it was obtained by fraud or the substantial equivalent thereof or was based on mutual mistake.
This Court went on to establish the following circumstances under which a consent decree may be set aside in Guthrie v. Guthrie, 226 Miss. 190, 84 So.2d 158 (1955), to-wit:
(1) [T]he facts constituting the fraud, accident [or] mistake or surprise must have been the controlling factors in effectuation of the original decree, without which the decree would not have been made as it was made.
(2) The facts justifying the relief must be clearly and positively alleged as facts and must be clearly and convincingly proved.
(3) The facts must not have been known to the injured party at the time of the original decree.
(4) The ignorance thereof at the time must not have been the result of the want of reasonable care and diligence.
The second exception to the general rule against divestiture of realty is where the property has been jointly accumulated by the parties, and the chancellor makes an equitable division of it. Chrismond v. Chrismond, 211 Miss. 746, 52 So.2d 624, cert. den. 342 U.S. 878, 72 S.Ct. 167, 96 L.Ed. 659 (1951). This Court addressed the issue of joint accumulation in Cox v. Cox, 183 So.2d 921 (Miss. 1966). There, the parties were denied a divorce by this Court. There the wife had done manual labor on the farm of the parties, which was their financial livelihood. This court found that the wife's physical labor was a right of the husband as a reciprocal, marital obligation to that of the wife's right of support from her husband. The wife's duties to care for the husband, and labor to advance his interests, including domestic duties without compensation, are called for under the doctrine of consortium. This Court went on to state:
Quoting from 54 Am.Jur. page 159 section 204, we have pointed out in the case of Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147 (1955) that:

*891 "A resulting trust arises, if at all, in the same transaction in which the legal title passes, at the time that legal title passes, on consideration advanced before or at that time, and not from matters thereafter occurring or on consideration thereafter advanced unless occurring or advanced immediately thereafter so as to be in fact a part of the transaction. The fundamental reason for the rule is that the resulting trust is one implied by law from the circumstances of consideration at the time of the transaction.' * * *" 226 Miss. at 171-172, 84 So.2d at 150.
See Windham v. Windham, 218 Miss. 547, 67 So.2d 467 (1953).
The Court went on to note that in the great majority of cases, chancery does not have authority to decree property belonging to the husband to be that of the wife, or to divide the property accumulated during the marriage, between husband and wife. The Court in Cox declined to divide the property because the wife was not entitled to alimony or support and there was no legitimate reason for her to refuse to return to her husband. However, where grounds for divorce do lie, and there is jointly accumulated property from the marriage, the procurement of which the wife contributed to, the chancellor may effect an equitable division. See Chrismond, supra, and citations therein.
It should be noted in the case at bar, the chancellor did not divest appellant of the property which he obtained from his father. Instead, he provided that appellee be granted a share of property which she had been legally liable to pay for by the terms of the mortgage and the purchase of which she contributed toward. Appellee had requested this division of the jointly accumulated property in her pleadings; it was not granted in the way of alimony, nor in lieu of alimony. A chancellor is not limited to awarding only alimony and a share of personalty to a spouse after nearly two decades of marriage. Of course, chancellors may award exclusive use and possession of such property, or a lump sum alimony, the effect of which would cause the owner of record to sell the land to pay it, or allow the aggrieved spouse to place an equitable lien on the land, or a property lien after obtaining a judgment for nonpayment of lump-sum alimony. It would offend equity to uproot one of the spouses from the homestead property which was jointly accumulated simply because that spouse's name did not appear on the deed thereto. Rather, an equitable division of jointly accumulated realty would be appropriate. In his decree, the chancellor ordered appellant to deed an undivided interest as a tenant in common to appellee on this twenty-acre tract, as requested by appellee in her pleadings under the new rules of civil procedure.
The chancellor reserved the right to review the decree after the parties' minor children leave the domicile. For the reasons stated above this Court affirms the divorce decree.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
SULLIVAN, J., not participating.