648 So.2d 523 (1994)
Charles Richard PIERCE
v.
Shirley Jeanette PIERCE.
No. 91-CA-00809.
Supreme Court of Mississippi.
October 13, 1994.
Rehearing Denied February 2, 1995.
Dale Robinson, Gulfport, for appellant.
G. Eric Geiss, Geiss Law Office, Gulfport, for appellee.
En Banc.
PITTMAN, Justice, for the Court:
This appeal arises from the Harrison County Chancery Court's judgment dated June 5, 1991, awarding Charles Richard Pierce ("Charles") a divorce from his wife, Shirley Jeanette Pierce ("Shirley"), on the ground of adultery, as well as granting Shirley a fifty percent (50%) interest in and to Charles' military retirement. Because the chancellor's grant of the fifty percent (50%) interest in Charles' retirement pay is supported by adequate findings of fact, we affirm.
Only that aspect of the appeal sub judice concerning the grant to Shirley of a 50% interest in Charles' military retirement has merit. Consequently, it is not necessary to review all the facts of the case. We need only familiarize ourselves with the law and those facts which should have been considered by the chancellor in determining the proper division of Charles' military retirement pay.

I. STATEMENT OF THE FACTS AND PROCEDURAL HISTORY
Shirley and Charles were married by proxy on May 25, 1967, while Shirley was in Virginia and Charles, then serving with the United States Navy, was stationed in Scotland. During their marriage, Charles was stationed at several locations including Virginia, Scotland, Florida, Maryland, Louisiana, California, Okinawa, Gulfport, Mississippi, and Long Beach, Mississippi. Shirley accompanied Charles on some but not all of his assignments. One child was born of the marriage, a daughter, who was over the age of twenty-one (21) and emancipated at the time of the divorce.
On December 15, 1987, Shirley filed a complaint for divorce in the First Judicial District of the Harrison County Chancery Court, seeking a divorce on the grounds of habitual cruel and inhuman treatment or, alternatively, *524 irreconcilable differences. In her complaint, Shirley asked for monetary support in the form of periodic alimony and lump sum alimony. Additionally, she requested fifty percent (50%) of Charles' military retirement income, asserting that she had a "vested" interest in his retirement pay of at least that amount pursuant to 10 U.S.C. § 1408, the Federal Uniformed Services Former Spouses' Protection Act (FUSFSPA). Charles filed a counter complaint, seeking a divorce on the grounds of cruel and inhuman treatment, adultery, desertion, or, in the alternative, irreconcilable differences.
At trial, Shirley amended her complaint to drop the request for periodic or lump sum alimony. However, she retained her right to seek an equitable portion of Charles' retirement pay. Charles' attorney moved for a Rule 41(b) M.R.C.P. dismissal of Shirley's complaint at the conclusion of her case-in-chief. The chancellor granted the motion and dismissed Shirley's cause of action, finding that she failed to prove her grounds for divorce. Charles then presented his evidence.
After all the evidence had been presented, the chancellor granted Charles a divorce from Shirley on the ground of adultery, finding that she had engaged in an adulterous relationship. The chancellor ruled that each party was entitled to the use and possession of the personalty (i.e., household furnishings, tangible goods, etc.) which they then had in their respective possession. Neither party was awarded attorney's fees. Shirley was not awarded periodic or lump sum alimony; however, she was granted a fifty percent (50%) interest in Charles' military retirement pay, based upon a limited finding (discussed below) concerning that fund.
The chancellor denied Charles' motion for a new trial, or, in the alternative, a judgment notwithstanding the verdict.
Aggrieved by the chancellor's division of his retirement pay, Charles appealed to this Court, assigning the following as error:
1. WHETHER SHIRLEY PIERCE VOLUNTARILY AND SPECIFICALLY RELEASED CHARLES PIERCE FROM ANY CLAIM OF ALIMONY AND FROM HER CLAIM TO 50 PERCENT OF HIS MILITARY RETIREMENT UNDER 10 U.S.C. § 1408.
2. WHETHER THE AWARD OF ONE-HALF (50 PERCENT) OF CHARLES PIERCE'S MILITARY PENSION TO SHIRLEY PIERCE WAS ERROR.
3. WHETHER THERE WAS PROOF OF DOMICILE SUFFICIENT FOR AN AWARD OF ONE-HALF (50 PERCENT) OF THE MILITARY PENSION TO SHIRLEY PIERCE.

II. LAW

1. WHETHER SHIRLEY PIERCE VOLUNTARILY AND SPECIFICALLY RELEASED CHARLES PIERCE FROM ANY CLAIM OF ALIMONY AND FROM HER CLAIM TO 50 PERCENT OF HIS MILITARY RETIREMENT UNDER 10 U.S.C. § 1408.
Charles contends that Shirley voluntarily and specifically released him from any claim of alimony and that the grant of an interest in his military retirement pay to Shirley is an award of alimony. It is without doubt that Shirley waived her right to alimony. But, it is equally apparent that she retained her right to seek an equitable division of property, including Charles' military retirement pay. The trial transcript reflects the following colloquy between Shirley's attorney and the chancellor:

We are requesting the Court to grant Mrs. Pierce 50 percent of Mr. Pierce's retirement. We are asking the Court to grant Mrs. Pierce the use and possession of all household goods, furnishings, utensils and appliances that she had at the time of the separation and grant unto Mr. Pierce the exclusive use, possession and title to all household goods, furnishings, utensils that he had at the date of separation.
We are asking the Court to grant Mrs. Pierce the use and possession of her automobile. We are asking Mr. Pierce to be required to contribute a reasonable sum to Mrs. Pierce for attorney's fees. We are *525 not and we waive our right, even if we have any  we're not asking for alimony, either lump sum or periodic anymore. The only thing we think that this Court should do in this particular case is grant Mrs. Pierce, other than what I just asked for, is half of Mr. Pierce's retirement.

(emphasis added).
As to Charles' assertion that granting Shirley an interest in his pension was an award of alimony, Charles fails to recognize the distinction between a division of property and an award of alimony. A military pension is considered personal property subject to the personal property laws of the forum state, and, in Mississippi, our laws grant chancellors the authority to effect an equitable division of property between spouses after making certain requisite factual findings. This Court has stated that, "[a] spouse's military retirement pension is an asset... ." Southern v. Glenn, 568 So.2d 281, 283, n. 1. (Miss. 1990). We have also said that, "a former spouse's rights vel non in his or her former mate's military retirement pension ... is subject to the personal property laws of the states... ." Newman v. Newman, 558 So.2d 821, 823 (Miss. 1990) (emphasis added).
In further contradiction to Charles' position, we have traditionally recognized four methods of providing support for spouses incident to a divorce, including a division of jointly accumulated property, stating that:
Our law vests in the chancery courts of this state broad authority to provide for the material needs of spouses incident to a divorce. Over the years our cases have recognized several general forms of aid including, but not limited to: (1) periodic alimony, sometimes called permanent or continuing alimony; (b) lump sum alimony or alimony in gross; (c) division of jointly accumulated property; and (d) award of equitable interest in property. There are no clear lines of demarcation between these, nor should there be, and our courts have long been authorized in their sound discretion to use one or several or all in combination.
Bowe v. Bowe, 557 So.2d 793, 794 (Miss. 1990) (emphasis added).
Most recently this Court, in Hemsley v. Hemsley, 639 So.2d 909 (Miss. 1994), defined marital property for the purpose of equitable distribution:
Assets acquired or accumulated during the course of a marriage are subject to equitable division unless it can be shown by proof that such assets are attributable to one of the parties' separate estates prior to the marriage or outside the marriage.
* * * * * *
We, today, recognize that marital partners can be equal contributors whether or not they both are at work in the marketplace.
We define marital property for the purpose of divorce as being any and all property acquired or accumulated during the marriage. Assets so acquired or accumulated during the course of the marriage are marital assets and are subject to an equitable distribution by the chancellor. We assume for divorce purposes that the contributions and efforts of the marital partners, whether economic, domestic or otherwise are of equal value.
In arriving at an equitable distribution the chancellor should follow those guidelines as set out in Ferguson v. Ferguson, 639 So.2d 921 (Miss. 1994).
Hemsley, 639 So.2d at 915.
Therefore, a claim for division of property can only be viewed as separate and distinct from a claim for alimony. Shirley's waiver of the latter in no way compromised her claim for the division of the retirement fund. Accordingly, this assignment of error is without merit.

2. WHETHER THE AWARD OF ONE-HALF (50 PERCENT) OF CHARLES PIERCE'S MILITARY PENSION TO SHIRLEY PIERCE WAS ERROR.
Shirley's claim that she was "vested" with rights in Charles' military retirement pay ignores the limitations of our state laws and 10 U.S.C. § 1408, the Federal Uniformed Services Former Spouses' Protection Act (FUSFSPA). Unfortunately, as illustrated *526 by the passage that follows, the lower court apparently made the same mistake:
The Court is of the ... opinion that Mrs. Pierce and Mr. Pierce were married to each other and living as husband and wife for in excess of 20 years while Mr. Pierce was on active duty as a member of the United States Navy. Over this 20 year period Mr. Pierce earned and became eligible for retirement from the military service while Mrs. Pierce followed him faithfully throughout the years of their marriage up to the time of their last separation. The Court is of the opinion that Mrs. Pierce should be entitled to and the Court would grant Mrs. Pierce a 50 percent interest in Mr. Pierce's military retirement pay.

(emphasis added).
The Federal Uniformed Services Former Spouses' Protection Act does not "vest" any rights in a spouse, nor does Mississippi law. We have previously commented on this issue, stating that:
As we perceive FUSFSPA, it did not vest any rights in anyone. It merely removed a federal bar and allowed the states to treat the military retirement pensions of their domiciliaries as personal property subject to state property laws.
Brown v. Brown, 574 So.2d 688, 690-91 (Miss. 1990).
Mississippi law has "long recognized that, incident to a divorce, the Chancery Court has authority, where the equities so suggest, to order a fair division of property accumulated through the joint contributions and efforts of the parties." Brown v. Brown, 574 So.2d 688, 690 (Miss. 1990). See Brendel v. Brendel, 566 So.2d 1269, 1273 (Miss. 1990); Jones v. Jones, 532 So.2d 574, 580-81 (Miss. 1988); Regan v. Regan, 507 So.2d 54, 56 (Miss. 1987); Watts v. Watts, 466 So.2d 889, 891 (Miss. 1985); Clark v. Clark, 293 So.2d 447, 450 (Miss. 1974).
There is a distinction between alimony and retirement benefits. In Brown v. Brown, 574 So.2d 688 (Miss. 1990), this Court noted that the Federal Uniformed Services Former Spouses Protection Act, 10 U.S.C. § 1408 (hereinafter FUSFSPA), "allowed the states to treat the military retirement pensions of their domiciliaries as personal property subject to state property laws." Brown, 574 So.2d at 690. In reference to a spouse's equitable right to a share of the other spouse's military retirement pay, this Court reiterated that a chancery court has authority, where equity so demands, to order a fair division of property accumulated through the joint contributions and efforts of the parties. Brown, 574 So.2d at 690. See also Brendel v. Brendel, 566 So.2d 1269, 1273 (Miss. 1990); Jones v. Jones, 532 So.2d 574, 580-81 (Miss. 1988); Regan v. Regan, 507 So.2d 54, 56 (Miss. 1987); Watts v. Watts, 466 So.2d 889, 891 (Miss. 1985); Clark v. Clark, 293 So.2d 447, 459 (1974).
Hemsley v. Hemsley, 639 So.2d at 914.
The lower court in this case made adequate findings, although additional information would have proved helpful in resolving this matter. Again, we would point to the factors set forth in Ferguson v. Ferguson, as a guide for chancellors in effectuating an equitable distribution of marital property.
When property is found to be jointly accumulated, the chancellor should make specific findings in support of the proportionate share awarded to the parties because, "[o]ur cases hold that a spouse is not automatically entitled to an equal division of jointly-accumulated properties." Brown v. Brown, 574 So.2d 688 (Miss. 1990); Dillon v. Dillon, 498 So.2d 328, 330 (Miss. 1986); Rives v. Rives, 416 So.2d 653, 657 (Miss. 1982).
Because the chancellor in the case sub judice made adequate and specific findings with regard to the equitable distribution of the military retirement fund, we affirm.
JUDGMENT IS AFFIRMED.
PRATHER, P.J., and SULLIVAN, ROBERTS and SMITH, JJ., concur.
DAN M. LEE, P.J., dissents with separate written opinion joined by HAWKINS, C.J., and BANKS and McRAE, JJ.
McRAE, J., dissents with separate written opinion joined by DAN M. LEE, P.J.
*527 DAN M. LEE, Presiding Justice, dissenting:
This appeal arises from the Harrison County Chancery Court's JUDGMENT dated June 5, 1991, awarding Charles Richard Pierce ("Charles") a divorce from his wife, Shirley Jeanette Pierce ("Shirley"), on the ground of adultery, as well as granting Shirley a fifty percent (50%) interest in and to the military retirement pay of Charles. Because the chancellor's grant of the fifty percent (50%) interest in Charles' retirement pay is not supported by sufficient findings of fact, I would reverse and remand. Accordingly, I dissent.

I.
It is not necessary to review all the facts of the case. Only that aspect of the appeal sub judice concerning the grant to Shirley of a 50% interest in the military retirement pay of Charles has merit. Consequently, we need only address the law and those facts which should have been considered by the chancellor in determining the proper division of Charles' military retirement pay.
Shirley and Charles were married by proxy on May 25, 1967, while Shirley was in Virginia and Charles, then serving with the United States Navy, was stationed in Scotland. During their marriage, Charles was stationed at several locations including Virginia, Scotland, Florida, Maryland, Louisiana, California, Okinawa, Gulfport, Mississippi, and Long Beach, Mississippi. Shirley accompanied Charles on some but not all of his assignments. One child was born of the marriage, a daughter, who was over the age of twenty-one (21) and emancipated at the time of the divorce.
On December 15, 1987, Shirley filed a complaint for divorce in the First Judicial District of the Harrison County Chancery Court, seeking a divorce on the grounds of habitual cruel and inhuman treatment or, alternatively, irreconcilable differences. In her complaint, Shirley asked for monetary support in the form of periodic alimony and lump sum alimony. Additionally, she requested fifty percent (50%) of Charles' military retirement income, asserting that she had a "vested" interest in his retirement pay of at least that amount pursuant to 10 U.S.C. § 1408, the Federal Uniformed Services Former Spouses' Protection Act (FUSFSPA). Charles filed a counter complaint seeking a divorce on the grounds of cruel and inhuman treatment, adultery, desertion, or, in the alternative, irreconcilable differences.
At trial, Shirley amended her complaint to drop the request for periodic or lump sum alimony. However, she retained her right to seek an equitable portion of Charles' retirement pay. Charles' attorney made a motion for a Rule 41(b) M.R.C.P. dismissal of Shirley's complaint at the conclusion of her case-in-chief. The chancellor granted the motion and dismissed Shirley's cause of action, finding that she failed to prove her grounds for divorce. Charles then presented his evidence.
The evidence demonstrated that Charles and Shirley Pierce separated in January of 1987, and that Shirley moved in with her male business partner and best friend. When Charles and Shirley sold a home in Long Beach, Shirley received $11,000 for her 1/2 interest. Shirley then used this $11,000 to buy a 1/2 interest in the house which she shared with her "male business partner and best friend." Later, this house was sold and Shirley received approximately $50,000.00 for her 1/2 interest in that house. Shirley apparently owns the house she now shares with her "friend," who pays her $200 per month in rent.
After all the evidence had been presented, the chancellor granted Charles a divorce from Shirley on the ground of adultery, finding that she had engaged in an adulterous relationship with another man. The chancellor ruled that each party was entitled to the use and possession of the personalty (i.e., household furnishings, tangible goods, etc.) which they then had in their respective possession. Neither party was awarded attorney's fees. Shirley was not awarded periodic or lump sum alimony; however, she was granted a fifty percent (50%) interest in Charles' military retirement pay, based upon a limited finding (discussed below) concerning that fund.
*528 Charles filed a motion for a new trial, or, in the alternative, a judgment notwithstanding the verdict. The motion was denied by the chancellor.
Aggrieved by the chancellor's division of his retirement pay, Charles appealed to this Court, assigning the following as error:
1. WHETHER SHIRLEY PIERCE VOLUNTARILY AND SPECIFICALLY RELEASED CHARLES PIERCE FROM ANY CLAIM OF ALIMONY AND FROM HER CLAIM TO 50 PERCENT OF HIS MILITARY RETIREMENT UNDER 10 U.S.C. § 1408.
2. WHETHER THE AWARD OF ONE-HALF (50 PERCENT) OF CHARLES PIERCE'S MILITARY PENSION TO SHIRLEY PIERCE WAS ERROR.
3. WHETHER THERE WAS PROOF OF DOMICILE SUFFICIENT FOR AN AWARD OF ONE-HALF (50 PERCENT) OF THE MILITARY PENSION TO SHIRLEY PIERCE.

II.

WHETHER SHIRLEY PIERCE VOLUNTARILY AND SPECIFICALLY RELEASED CHARLES PIERCE FROM ANY CLAIM OF ALIMONY AND FROM HER CLAIM TO 50 PERCENT OF HIS MILITARY RETIREMENT UNDER 10 U.S.C. § 1408.
Charles contends that Shirley voluntarily and specifically released him from any claim of alimony and that the grant of an interest in his military retirement pay to Shirley is an award of alimony. It is without doubt that Shirley waived her right to alimony. But, it is equally apparent that she retained her right to seek an equitable division of property, including Charles' military retirement pay. The trial transcript reflects the following colloquy between Shirley's attorney and the chancellor:

We are requesting the Court to grant Mrs. Pierce 50 percent of Mr. Pierce's retirement. We are asking the Court to grant Mrs. Pierce the use and possession of all household goods, furnishings, utensils and appliances that she had at the time of the separation and grant unto Mr. Pierce the exclusive use, possession and title to all household goods, furnishings, utensils that he had at the date of separation.
We are asking the Court to grant Mrs. Pierce the use and possession of her automobile. We are asking Mr. Pierce to be required to contribute a reasonable sum to Mrs. Pierce for attorney's fees. We are not and we waive our right, even if we have any  we're not asking for alimony, either lump sum or periodic anymore. The only thing we think that this Court should do in this particular case is grant Mrs. Pierce, other than what I just asked for, is half of Mr. Pierce's retirement.

(emphasis added).
As to Charles' assertion that granting Shirley an interest in his pension was an award of alimony, Charles fails to recognize the distinction between a division of property and an award of alimony. A military pension is considered personal property subject to the personal property laws of the forum state, and, in Mississippi, our laws grant chancellors the authority to effect a division of property between spouses after making certain requisite factual findings. This Court has stated that, "[a] spouse's military retirement pension is an asset... ." Southern v. Glenn, 568 So.2d 281, 283, n. 1. (Miss. 1990). We have also said that, "a former spouse's rights vel non in his or her former mate's military retirement pension ... is subject to the personal property laws of the states... ." Newman v. Newman, 558 So.2d 821, 823 (Miss. 1990) (emphasis added).
In further contradiction to Charles' position, we have traditionally recognized four methods of providing support for spouses incident to a divorce, including a division of jointly accumulated property, stating that:
Our law vests in the chancery courts of this state broad authority to provide for the material needs of spouses incident to a divorce. Over the years our cases have recognized several general forms of aid including, but not limited to: (1) periodic alimony, sometimes called permanent or *529 continuing alimony; (b) lump sum alimony or alimony in gross; (c) division of jointly accumulated property; and (d) award of equitable interest in property. There are no clear lines of demarcation between these, nor should there be, and our courts have long been authorized in their sound discretion to use one or several or all in combination.
Bowe v. Bowe, 557 So.2d 793, 794 (Miss. 1990) (emphasis added).
Therefore, a claim for division of property can only be viewed as separate and distinct from a claim for alimony. Shirley's waiver of the latter in no way compromised her claim for the division of the retirement fund. Accordingly, this assignment of error is without merit.

III.

WHETHER THE AWARD OF ONE-HALF (50 PERCENT) OF CHARLES PIERCE'S MILITARY PENSION TO SHIRLEY PIERCE WAS ERROR.
Shirley's claim that she was "vested" with rights in Charles' military retirement pay ignores the limitations of our state laws and 10 U.S.C. § 1408, the Federal Uniformed Services Former Spouses' Protection Act (FUSFSPA). Unfortunately, as illustrated by the passage that follows, the lower court apparently made the same mistake:
The Court is of the ... opinion that Mrs. Pierce and Mr. Pierce were married to each other and living as husband and wife for in excess of 20 years while Mr. Pierce was on active duty as a member of the United States Navy. Over this 20 year period Mr. Pierce earned and became eligible for retirement from the military service while Mrs. Pierce followed him faithfully throughout the years of their marriage up to the time of their last separation. The Court is of the opinion that Mrs. Pierce should be entitled to and the Court would grant Mrs. Pierce a 50 percent interest in Mr. Pierce's military retirement pay.

(emphasis added).
The Federal Uniformed Services Former Spouses' Protection Act does not "vest" any rights in a spouse, nor does Mississippi law. We have previously commented on this issue, stating that:
As we perceive FUSFSPA, it did not vest any rights in anyone. It merely removed a federal bar and allowed the states to treat the military retirement pensions of their domiciliaries as personal property subject to state property laws.
Brown v. Brown, 574 So.2d 688, 690-91 (Miss. 1990).
Mississippi law has "long recognized that, incident to a divorce, the Chancery Court has authority, where the equities so suggest, to order a fair division of property accumulated through the joint contributions and efforts of the parties." Brown v. Brown, 574 So.2d 688, 690 (Miss. 1990). See Brendel v. Brendel, 566 So.2d 1269, 1273 (Miss. 1990); Jones v. Jones, 532 So.2d 574, 580-81 (Miss. 1988); Regan v. Regan, 507 So.2d 54, 56 (Miss. 1987); Watts v. Watts, 466 So.2d 889, 891 (Miss. 1985); Clark v. Clark, 293 So.2d 447, 450 (Miss. 1974).
This Court recently announced that a chancery court can treat the retirement fund as marital property and that we "recognize that marital partners can be equal contributors whether or not they both are at work in the marketplace." Hemsley v. Hemsley, 639 So.2d 909 (Miss. 1994). Furthermore, in that same case, this Court held that, "[i]n arriving at an equitable distribution the chancellor should follow those guidelines as set out in Ferguson v. Ferguson, 639 So.2d 921, decided July 7, 1994." Hemsley, 639 So.2d at 915. Those guidelines are as follows:
1. Substantial contribution to the accumulation of the property. Factors to be considered in determining contribution are as follows:
a. Direct or indirect economic contribution to the acquisition of the property;
b. Contribution to the stability and harmony of the marital and family relationships as measured by quality, quantity of time spent on family duties and duration of the marriage; and
c. Contribution to the education, training or other accomplishment bearing on *530 the earning power of the spouse accumulating the assets;
2. The degree to which each spouse has expended, withdrawn or otherwise disposed of marital assets and any prior distribution of such assets by agreement, decree or otherwise;
3. The market value and the emotional value of the assets subject to distribution;
4. The value of assets not ordinarily, absent equitable factors to the contrary, subject to such distribution, such as property brought to the marriage by the parties and property acquired by inheritance or inter vivos gift by or to an individual spouse;
5. Tax and other economic consequences, and contractual or legal consequences to third parties, of the proposed distribution;
6. The extent to which property division may, with equity to both parties, be utilized to eliminate periodic payments and other potential sources of future friction between the parties;
7. The needs of the parties for financial security with due regard to the combination of assets, income and earning capacity; and,
8. Any other factor which in equity should be considered.
Ferguson, 639 So.2d at 928.
In this case, the lower court, however, made absolutely no findings of fact as to Shirley's contributions to the accumulation of the retirement fund, other than that "[Mrs. Pierce] followed him faithfully" and "that Mrs. Pierce should be entitled... ."
Furthermore, even when property is found to be jointly accumulated, the chancellor must make specific findings in support of the share to be awarded to each of the parties because our cases hold that a spouse is not automatically entitled to an equal division of jointly-accumulated properties. Brown v. Brown, 574 So.2d 688 (Miss. 1990); Dillon v. Dillon, 498 So.2d 328, 330 (Miss. 1986); Rives v. Rives, 416 So.2d 653, 657 (Miss. 1982).
The lower court made absolutely no finding in support of its division of the retirement fund. Apparently, the chancellor accepted Shirley's flawed "vested" rights argument. Clearly, a finding of more than the mere status of husband or wife is necessary to support the fifty-fifty division of a retirement fund, as required by Ferguson, supra. There, the majority of this Court announced the proper procedure that a chancellor should follow when equitably dividing marital assets, holding that:
In light of the pronouncement of these guidelines for the equitable distribution method of division of marital assets, this Court reverses the issues relating to marital property division and remands for determination of value of all assets and further consideration of division in light of the principles established herein.
Ferguson, 639 So.2d at 937.
Accordingly, this case should be reversed and remanded for a proper determination of the parties' rights with respect to the retirement fund under the aforementioned factors.
HAWKINS, C.J., and BANKS and McRAE, JJ., join this opinion.
McRAE, Justice, dissenting:
The issue in the Pierces' divorce is what remedy remains once a cause of action is dismissed. When the chancellor dismissed Shirley Pierce's complaint and granted Richard Pierce a divorce on his counterclaim, he, in effect, removed any basis for Shirley's claim to his retirement benefits. The record reveals the chancellor said:
I'm of the opinion that Mrs. Pierce has failed to prove her case to the necessary degree to make a prima facie case for divorce on the grounds of habitual, cruel and inhuman treatment. I will dismiss this cause of action (emphasis added).
No other basis exist because she did not make a prayer for relief in her answer to his counterclaim.
This Court has addressed the issue where a defendant fails to answer in a divorce case:
Due to the special nature of a divorce proceeding, in which the court may not enter a true default judgment, a defendant's failure to answer does not deprive *531 the defendant of the right to put on evidence to rebut the allegations of the complaint. The defendant cannot offer evidence outside the scope of the complaint and cannot offer any evidence supporting any affirmative issue.
Rawson v. Buta, 609 So.2d 426, 431 (Miss. 1992).
In essence, Shirley failed to adequately answer Charles' counterclaim. Had Shirley in her answer to the counterclaim adopted her complaint as an affirmative matter, then perhaps she would have a basis for a claim. Since the chancellor dismissed her cause of action, Shirley was left with no avenue upon which to base her claim.
The reason behind requiring a complainant to plead her relief is to avoid a denial of due process. Miller v. Miller, 512 So.2d 1286, 1288 (Miss. 1989). In Miller, this Court stated:
The original complaint sought no alimony or child support, yet both were incorporated into the final decree. This court has held that an award to the wife of alimony and child support where such is not sought in the pleadings is error, in that it deprives the husband of due process. Diamond v. Diamond, 403 So.2d 129 (Miss. 1981); Fortenberry v. Fortenberry, 338 So.2d 806 (Miss. 1976). These cases, however, do not characterize the judgment as void. Had Mr. Miller filed a 60(b) motion or appealed the final decree on this ground, no doubt that portion of the decree would have been stricken.
Miller, 512 So.2d at 1288.
This view is in accord with a recent opinion which said where the issue is sufficiency of the pleadings to support a specific award, the general rules of pleading govern since there is no inconsistent statutory provision. Crowe v. Crowe, 641 So.2d 1100 (Miss. 1994); See also Smith v. Smith, 607 So.2d 122, 127 (Miss. 1992). "The purpose of Rule 8 is to give notice, not to state facts and narrow the issues as was the purpose of pleadings in prior Mississippi practice." Crowe, 641 So.2d at 1104. Crowe also states that under the general prayer, any relief will be granted which the original bill justifies and which is established by the main facts of the case, so long as the relief granted will not cause surprise or prejudice to the defendant. Id.
Applying Crowe, Shirley's original prayer for relief was completely dismissed, and therefore, any relief being granted from the complaint cannot be justified. At the moment the chancellor dismissed Shirley's entire complaint, Charles proceeded on the assumption that the only issues left were those presented by his counterclaim which did not include a division of retirement benefits.
Additional statements by this Court support a reversal of the chancellor's decision:
Every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled by the proof and which is within the jurisdiction of the court to grant, even if the party has not demanded such relief in his pleading ...
Smith v. Smith, 607 So.2d at 281.
The final judgment in the Pierce case was granted in favor of Charles. It is his proof by which the relief should be granted since the chancellor may not make such an award without proper pleadings. Diamond v. Diamond, 403 So.2d 129, 130-31 (Miss. 1981). It is for these foregoing reasons that I respectfully dissent.
DAN M. LEE, P.J., joins this opinion.