# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-01077-SCT

*MARGARET LYNN OWEN*

*v.*

*KENNETH WHITESIDE OWEN*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/12/1999 |
| TRIAL JUDGE: | HON. JOHN C. ROSS, JR. |
| COURT FROM WHICH APPEALED: | UNION COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | C. MICHAEL MALSKI |
| ATTORNEY FOR APPELLEE: | WILL R. FORD |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND REMANDED-03/01/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/22/2001 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. Margaret Lynn Owen ("Margaret") and Kenneth Whiteside Owen ("Kenneth") filed a Joint Complaint for Divorce in the Chancery Court of Union County, Mississippi, seeking a divorce on the ground of irreconcilable differences. Unable to agree on property settlement issues, the parties agreed to allow the chancellor to resolve those matters. The chancellor granted a divorce on the ground of irreconcilable differences and then ordered the couple's marital assets to be sold with Kenneth receiving 60% of the proceeds and Margaret 40%. Subsequently, Margaret moved the chancellor to reconsider the division of assets based upon the *Ferguson* factors and specifically requested that the chancellor equitably divide Kenneth's Employee Stock Ownership Plan ("ESOP") and 401(k) retirement funds. The chancellor denied Margaret's motion, and she has appealed that decision, raising the following assignments of error:

### ISSUES

**I. THE CHANCELLOR ERRONEOUSLY BASED DISTRIBUTION OF THE OWENS' PROPERTY UPON ONE FACTOR RATHER THAN ALL THE FACTORS OF *FERGUSON v. FERGUSON*.**

**II. THE CHANCELLOR ERRED IN FAILING TO INCLUDE IN THE MARITAL ESTATE, AND TO EQUITABLY DISTRIBUTE, KENNETH'S RETIREMENT BENEFITS ACCUMULATED DURING THE MARRIAGE.**

¶2. We find that the chancellor erred in failing to specifically address all applicable *Ferguson* factors and in

failing to include Kenneth's retirement plans in dividing the couples marital assets.

## STATEMENT OF THE FACTS

¶3. Margaret and Kenneth married in 1987. The couple initially lived in Texas where Kenneth worked and Margaret attended college. While a full-time student, Margaret performed the household chores and held several part-time jobs, using her earnings to pay for school supplies, clothing, and groceries. Margaret's tuition was paid by both Margaret's father and Kenneth.

¶4. In 1992, the couple returned to New Albany, Mississippi. Margaret initially taught school and worked at a local clothing store. Later, Margaret started her own business as an artist. Margaret gave Kenneth all income she earned, and, in return, he wrote her checks for the amount transferred to him. In essence, Margaret kept whatever she earned, and these "transfers" were made apparently for tax purposes only. Meanwhile, Kenneth began working as an engineer for Master-Bilt, where he received retirement benefits in the form of an ESOP and a 401(k) plan, both of which are titled solely in his name. Kenneth's ESOP and 401(k) plan were valued in excess of $5,000 and $7,000, respectively, as of the date of divorce.

¶5. During the marriage, the couple purchased two homes. Margaret and Kenneth took title to the first home jointly, and both helped make extensive repairs on the home. The second home, in which Kenneth took sole title, was used as a rental house. Both parties participated in cleaning the second home and landscaping the yard, but Kenneth testified that he paid Margaret for the work she performed. All mortgage payments, taxes, and repair payments on both houses were made by Kenneth.

¶6. The couple also owned an investment account which contained a pre-divorce balance of $14,844. After the couple separated, Kenneth, who admitted that money had been accumulated during the marriage, withdrew $14,500 from that account out of concern that Margaret would spend the money.

¶7. The couple's tax returns show that Margaret never made more than $1,500 a year, but Kenneth indicated that she actually made more.[1] Kenneth admitted, however, that he was "benefitted" from Margaret having a job as she was able to spend her income on her clothes and on other items such as groceries. Kenneth also admitted that Margaret made domestic contributions throughout the marriage. At the time of divorce, Margaret earned $1,250 in net monthly income and spent $2,766 in monthly living expenses, while Kenneth earned $3,107 in net monthly income and spent $2,651 in monthly living expenses.

¶8. The couple filed for divorce in 1998. After granting a divorce, the chancellor divided the couple's property. In reaching his decision, the chancellor noted the parties' ages and present incomes and noted that Kenneth had substantially contributed to Margaret's obtaining a college degree. The chancellor also pointed out that Margaret had worked only "spasmodically" during the marriage. Ultimately, the chancellor stated that, after having reviewed the *Ferguson* factors, the court "[found] as a matter of fact that Kenneth . . . [had] been the primary financial contributor to the assets of the marriage and that he should receive a greater percentage of any distribution of the marital assets." The chancellor found the couple's two homes and six vehicles to be marital property and ordered them sold with Kenneth receiving 60% of the proceeds and Margaret 40%. The chancellor also ruled that the couple's investment account was marital property and awarded Margaret 40% of the pre-divorce balance. Both parties also received a number of personal property items which the chancellor found to be separate assets. According to Kenneth's calculations, the items retained by Margaret had an estimated value of $38,250, while the items he received had an

estimated value of $8,510. All other personal property not specifically listed was deemed marital property and was to be sold with Kenneth receiving 60% of the proceeds and Margaret 40%.

¶9. After the chancellor reached his decision, Margaret moved for a reconsideration of the division, specifically requesting that the chancellor consider the *Ferguson* factors and that he equitably divide Kenneth's ESOP and 401(k) retirement funds. The chancellor denied the motion, and Margaret has appealed to this Court.

## STANDARD OF REVIEW

¶10. As with most matters appealed from the chancery court, this Court "employs a limited standard of review" of the division and distribution of property in divorces. *Reddell v. Reddell*, 696 So. 2d 287, 288 (Miss. 1997). Such division and distribution "will be upheld if it is supported by substantial credible evidence." *Carrow v. Carrow*, 642 So. 2d 901, 904 (Miss. 1994). This Court will not substitute its judgment for that of the chancellor "[e]ven if this Court disagree[s] with the lower court on the finding of fact and might . . . [arrive] at a different conclusion." *Richardson v. Riley*, 355 So. 2d 667, 668 (Miss. 1978). The chancellor's findings will not be disturbed "unless the Chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." *Bell v. Parker*, 563 So. 2d 594, 596-97 (Miss. 1990). When no specific findings appear in the record, this Court generally presumes that "the chancellor resolved all such fact issues in favor of the appellee." *Maslowski v. Maslowski*, 655 So. 2d 18, 20 (Miss. 1995). In cases where that presumption applies, the chancellor's decision will not be overturned if supported by substantial, credible evidence. *Tedford v. Dempsey*, 437 So. 2d 410, 417 (Miss. 1983).

## DISCUSSION

### I. DID THE CHANCELLOR ERRONEOUSLY BASE DISTRIBUTION OF THE OWENS' PROPERTY UPON ONE FACTOR RATHER THAN UPON ALL THE FACTORS OF *FERGUSON v. FERGUSON*?

¶11. Margaret alleges that the chancellor committed reversible error in basing the division of marital assets upon one factor -- financial contributions to the accumulation of marital property -- rather than upon all eight *Ferguson* factors. This Court finds that the chancellor's division of property did improperly focus only on Kenneth's economic contributions to the marriage, and accordingly we reverse the decision.

¶12. This Court has established equitable distribution of marital assets upon divorce as an automatic right and has delineated the following eight factors for consideration by the chancellor in equitably dividing such marital property:

1. Substantial contribution to the accumulation of the property. Factors to be considered in determining contribution are as follows: a. Direct or indirect economic contribution to the acquisition of the property; b. Contribution to the stability and harmony of the marital and family relationship as measured by quality, quantity of time spent on family duties and duration of the marriage; and c. Contribution to the education, training or other accomplishment bearing on the earning power of the spouse accumulating the assets;

2. The degree to which each spouse has expended, withdrawn or otherwise disposed of marital assets and any prior distribution of such assets by agreement, decree or otherwise;

3. The market value and the emotional value of the assets subject to distribution;

4. The value of the assets not ordinarily, absent equitable factors to the contrary, subject to such distribution, such as property brought to the marriage by the parties and property acquired by inheritance or inter vivos gift by or to an individual spouse;

5. Tax and other economic consequences, and contractual or legal consequences to third parties, of the proposed distribution;

6. The extent to which property division may, with equity to both parties, be utilized to eliminate periodic payments and other potential sources of future friction between the parties;

7. The needs of the parties for financial security with due regard to the combination of assets, income and earning capacity; and

8. Any other factor which in equity should be considered.

*Ferguson v. Ferguson*, 639 So. 2d 921, 927-28 (Miss. 1994).

¶13. Chancellors are to consider those factors on the record and are to "support their decisions with findings of fact and conclusions of law for appellate review." *Id.* at 928. This Court has reversed decisions where, even though the chancellor may have actually applied the *Ferguson* factors, the chancellor failed to make specific findings on the record. *Kilpatrick v. Kilpatrick*, 732 So. 2d 876, 880-81 (Miss. 1999). At the same time, not every case requires consideration of all eight of the factors. This Court has stated that the chancellor "may consider only those factors he finds 'applicable' to the property in question." *Carrow v. Carrow*, 741 So. 2d 200, 202 (Miss. 1999); *see also* **Lindsey v. Lindsey**, 749 So. 2d 77, 80 (Miss. 1999) (upholding chancellor's division of marital assets where chancellor only addressed factors relevant to case). However, in this case, there were certainly more *Ferguson* factors that were "applicable" other than just Kenneth's economic contributions. Accordingly, the chancellor should have addressed these factors on the record.

¶14. Although we reverse the trial court's decision due to the deficiency in applying the *Ferguson* factors, the equitable distribution argument will be addressed. While equitable distribution based upon those eight factors has long been established as a right in Mississippi, this Court has declined to interpret "equitable" distribution to mean "equal" distribution. *Trovato v. Trovato*, 649 So. 2d 815, 818 (Miss. 1995); *Chamblee v. Chamblee*, 637 So. 2d 850, 863-64 (Miss. 1994). In *Chamblee*, the Court emphasized that "Mississippi is not a community property state. . . . This point cannot be stressed enough." *Id.* at 864. Divorcing parties also have no right to equal distribution even where the parties jointly accumulated the property. *Pierce v. Pierce*, 648 So. 2d 523, 526 (Miss. 1994).

¶15. Yet, even though spouses have no right to "equal" distribution, spouses are not prohibited from receiving a portion of marital assets acquired solely by the other spouse's financial contributions if that non-cash contributing spouse has made alternative contributions to the marriage. *Draper v. Draper*, 627 So. 2d 302, 306 (Miss. 1993). This Court in *Draper* stated that "the chancellor is not limited to a consideration of the earning and cash contributions of each party to the accumulation of the property. It is sufficient contribution if one party renders services generally regarded as domestic in nature." *Id.* at 306. As this Court first noted in *Hemsley*, "marital partners can be equal contributors whether or not they both are at work in the marketplace." *Hemsley v. Hemsley*, 639 So. 2d 909, 915 (Miss. 1994). In *Hemsley* this Court

explained the basis for rewarding non-cash contributing spouses, stating that:

> in acquiring a marital estate, courts cannot tell who is the most important, the man or the woman. Presently the law often deals with a fiction that the parties are deemed to enter into marriage with two separate estates. Most parties enter into marriage with no estate and proceed to build an estate together. Therefore, in the event of a divorce, there is more often than not one estate. If the breadwinner happens to be the husband and [he] has all the property in his name, this serves to relegate the non-breadwinner wife to the equivalent of a maid -- and upon division of the marital estate entitled to a minimum wage credit for her homemaking service. We abandon such an approach.

*Id.* at 915. In ***Ferguson*** this Court reiterated that point, commenting:

> Although contributions of domestic services are not made directly to a retirement fund, they are nonetheless valid material contributions which indirectly contribute to any number of marital assets, thereby making such assets jointly acquired. And, it must be remembered, the goal of the chancellor in a divorce case is to do equity. . . . When one spouse has contributed directly to the fund, by virtue of his/her labor, while the other has contributed indirectly, by virtue of domestic services and/or earned income which both parties have enjoyed rather than invested, the spouse without retirement funds in his/her own name could instead have been working outside the home and/or investing his/her wages in preparation for his/her own retirement. When separate plans for each spouse are not in existence, it is only equitable to allow both parties to reap the benefits of the one existing retirement plan, to which both parties have materially contributed in some fashion.

*Ferguson*, 639 So. 2d at 934. This Court has consistently followed the approach set out in ***Hemsley*** and ***Ferguson***, instructing chancellors to "assume" that one spouse's domestic contributions "are equally as valuable as the contributions" of the wage earning spouse. *Johnson v. Johnson*, 650 So. 2d 1281, 1285-86 (Miss. 1994); *see also* ***Hankins v. Hankins***, 729 So. 2d 1283, 1287-88 (Miss. 1999) (stressing that spouse's domestic contributions are not to be valued at minimum wage).

### II. DID THE CHANCELLOR ERR IN NOT INCLUDING IN THE MARITAL ESTATE, AND EQUITABLY DISTRIBUTING, KENNETH'S RETIREMENT BENEFITS ACCUMULATED DURING THE MARRIAGE?

¶16. Margaret contends that Kenneth's ESOP and 401(k) plan are marital assets which the chancellor should have divided equitably. We agree.

¶17. This Court has stated that marital property should be divided equitably by the chancellor upon divorce. *Hemsley*, 639 So. 2d at 915. "Marital property" consists of "any and all property acquired or accumulated during the marriage." *Id.* Included in "marital property" are retirement benefits accumulated during the marriage. *Traxler v. Traxler,* 730 So. 2d 1098, 1102 (Miss. 1998); *Rennie v. Rennie,* 718 So. 2d 1091, 1095 (Miss. 1998); *Tillman v. Tillman*, 716 So. 2d 1090, 1094 (Miss. 1998). Retirement benefit plans funded solely by one spouse's wages are considered marital property. *Id.* at 1094. The same is true for retirement benefit plans funded solely by one spouse's employer. *Johnson*, 650 So. 2d at 1285-86. So long as the non-cash contributing spouse has made alternative contributions to the marriage, that spouse has a right to receive an equitable share of those retirement benefits upon divorce. ***Draper***, 627 So. 2d at 306. The value of the retirement benefit has no relevance as to whether the benefit is marital; rather, the key factor remains whether the parties accumulated the benefit during the marriage. *See Reddell*, 696 So. 2d at

288 (holding $3,500 IRA accumulated during marriage to be marital property).

¶18. In the case sub judice, this Court finds that Kenneth's ESOP and 401(k) were marital assets potentially subject to equitable distribution.

## CONCLUSION

¶19. The chancellor did commit manifest error in the instant case for failing to specifically address all the applicable *Ferguson* factors and by not including Kenneth's ESOP and 401(k) retirement plans in his division of the couple's marital assets. Therefore, the judgment of Union County Chancery Court dividing the marital assets of Margaret Lynn Owen and Kenneth Whiteside Owen is reversed, and this case is remanded to the trial court for a new division of marital assets, including Kenneth's ESOP and 401(k) plan, based upon findings of fact concerning each of the applicable *Ferguson* factors.

¶20. **REVERSED AND REMANDED.**

**PITTMAN, C.J., BANKS, P.J., WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION. MILLS, J., NOT PARTICIPATING.**

**McRAE, PRESIDING JUSTICE, DISSENTING:**

¶21. The division of property ordered by the Union County Chancery Court did not improperly focus only on Kenneth's economic contributions to the marriage. The chancellor was within his discretion in declining to divide Kenneth Owen's retirement plans in light of the overall fairness of the property division. Because it is supported by substantial evidence, the judgment of the chancery court should be affirmed. Accordingly, I dissent.

¶22. Although the chancery court made only limited findings of fact in its opinion, it did consider the *Ferguson* factors identified in *Ferguson v. Ferguson*, 639 So.2d 921, 927-28 (Miss. 1994). The chancellor began by noting the parties' ages and present incomes and by noting that Kenneth had substantially contributed to Margaret's obtaining a college degree. The chancellor also pointed out that Margaret had worked sporadically during the marriage. The court then found "as a matter of fact that Kenneth . . . has been the primary financial contributor to the assets of the marriage and that he should receive a greater percentage of any distribution of the marital assets."

¶23. The chancellor then ordered the couple's assets to be sold with Kenneth receiving 60% of the proceeds and Margaret 40%. Margaret is correct that her performance of the domestic chores for the couple throughout their nine-and-one-half year marriage should not go unrewarded, but the property division in the instant case adequately compensated her for her contributions to the marriage. The record contains substantial, credible evidence to support the chancellor's findings, and this Court should not substitute its judgment for that of the chancellor, even if it might have reached a different conclusion as a matter of first impression. *Richardson v. Riley*, 355 So.2d 667, 668 (Miss. 1978) (collecting authorities).

¶24. Margaret contends that Kenneth's ESOP and 401(k) plan are marital assets which the chancellor should have divided equitably. However, taken in its entirety, the division of marital assets in the instant case was fair and equitable. The chancellor held that Margaret would receive 40% of an investment account containing $14,844, as well as 40% of the proceeds from the sale of the couple's six vehicles and two

homes. Under the chancellor's order, Margaret would also retain personal property valued at $38,250, while Kenneth would retain personal property valued at $8,510.

¶25. Even though a retirement benefit plan may be a marital asset, chancellors are not automatically required to divide that asset. *Love v. Love*, 687 So. 2d 1229, 1232 (Miss. 1997). In **Love**, we upheld a chancellor's denial to the wife of one-half of the husband's retirement savings where the chancellor provided the wife one-half of the husband's mutual funds and where the wife had a greater earning capacity than did the husband. *Id.* at 1232. This Court found that the overall division and distribution of the marital assets were proper under **Ferguson,** and affirmed the chancellor's ruling. **Id.** Similarly, we upheld a chancellor's failure to equitably divide a husband's retirement benefit plan which was clearly marital property on finding that, taken as a whole, the chancellor's division of property was fair and equitable. **Voda v. Voda**, 731 So. 2d 1152, 1157 (Miss. 1999).

¶26. While the majority correctly finds that Kenneth's ESOP and 401(k) plans are marital assets subject to equitable distribution, Margaret should be not entitled to a portion thereof given the fairness of the overall division of assets. An order of a chancellor distributing marital property should be upheld so long as it is supported by substantial credible evidence, is not clearly erroneous, and applies the proper legal standard. **Carrow v. Carrow**, 642 So.2d 901, 904 (Miss. 1994) (collecting authorities). We should, therefore, affirm the judgment of the chancery court and refrain from awarding Margaret part of Kenneth's ESOP and 401(k) plan given the fairness of the property division as a whole. Accordingly, I dissent.

1. During the marriage, Kenneth had earned nearly $500,000, while Margaret had earned, at least according to her tax returns, around $65,000.