GRIFFIS, J.,
for the Court.
¶ 1. In King v. King, 760 So.2d 830, 837 (Miss.Ct.App.2000), this Court reversed and remanded this case for findings on the fair market value of the property, for an assessment of the wife’s non-economic contributions, and to reconsider the division of the marital estate according to such findings. On remand, the- chancellor followed the dictates of this Court and awarded Nettie King one-third of the marital estate and $1,700 in unpaid alimony. Nettie appeals this judgment and asserts that the chancellor failed to equitably divide the marital estate. We find no error and affirm.
FACTS
¶ 2. E.C. and Nettie King were married on October 22, 1973, and finally separated on February 5, 1995. E.C. filed a complaint for divorce on the grounds of desertion, habitual cruel and inhuman treatment, and irreconcilable differences. Nettie answered, denying that E.C. was entitled to a divorce and requested a partition in kind or by sale of the couple’s jointly owned real property.
¶ 3. E.C. was awarded a divorce on the ground of desertion. The chancellor set aside a warranty deed that purported to convey a one-half interest in E. C.’s real property to Nettie. The chancellor found that E. C.’s signature on the deed was forged. Nettie was awarded $100 per month in periodic alimony, and each party was allowed to keep the personal property already in his or her possession.
¶4. Nettie appealed the chancellor’s original decision on two grounds. First, she asserted that the chancellor erred by setting aside the deed conveying her one-half interest in E. C.’s property. This Court affirmed the chancellor on this issue. Id. at 835. Second, she appealed the chancellor’s division of marital assets. This Court agreed that the property the parties lived on should be included in the marital estate; however, we reversed and remanded directing the chancellor to make specific findings as to the fair market value of the property, the value of Nettie’s non-economic contributions, and review the distribution of the property in light of those findings. Id. at 837.
¶ 5. On remand, the chancellor was presented with an appraisal of the marital property. The appraisal determined that the house was uninhabitable, the trailer was salvageable, and the fair market value of the property with improvements was $28,000.
¶ 6. Next, the chancellor considered Nettie’s non-economic contributions. The chancellor concluded that “Mrs. King kept the home fires burning and performed the essential tasks of keeping the home together. For seven years, before her hus *1289 band retired, she prepared three meals a day.” The chancellor found that both Nettie and E.C. had made substantial contributions to the marriage either directly or indirectly. The chancellor further held that the “contributions of one who stays at home and works are just as valuable as one who goes out and works.”
¶ 7. The chancellor then awarded Nettie one-third of the marital estate, totaling $9,300. He also awarded her $1,700 in unpaid alimony.
¶ 8. Nettie appeals the chancellor’s decision and contends that the chancellor erred in awarding her only one-third of the marital estate.
STANDARD OF REVIEW
¶ 9. Our scope of review in domestic matters is limited. This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Denson v. George, 642 So.2d 909, 913 (Miss.1994). This Court is not called upon or permitted to substitute its collective judgment for that of the chancellor. Richardson v. Riley, 355 So.2d 667, 668-69 (Miss.1978). A conclusion that we might have decided the case differently, standing alone, is not a basis to disturb the result. Id.
ANALYSIS
¶ 10. The question in this appeal is again whether the chancellor erred in equitably dividing the marital estate. Nettie argues that the chancellor erred in awarding her one-third of the marital estate. She asserts that the only way the estate can be equitably divided is for it to be divided equally. Nettie cites numerous cases where courts have divided assets of the marital estate equally between the parties. However, Nettie cites no authority that requires the chancellor to equally divide the marital assets. In Ferguson v. Ferguson, 639 So.2d 921, 927 (Miss.1994), the Mississippi Supreme Court introduced the concept of equitable division of marital property and specifically held that equitable division does not mean equal division. See also Love v. Love, 687 So.2d 1229, 1232 (Miss.1997); Trovato v. Trovato, 649 So.2d 815, 818 (Miss.1995); Pierce v. Pierce, 648 So.2d 523, 526 (Miss.1994).
¶ 11. On remand, the chancellor properly followed the instructions of this court. He obtained a current appraisal of the fair market value of the property and considered domestic contributions. The award by the chancellor on remand amounted to almost forty percent of the marital estate. We also note that Nettie was awarded a car and was allowed to keep the personal property she took from the home. This far exceeds one-third of the marital estate.
¶ 12. Based upon the chancellor’s findings of fact and application of those facts to the relevant law, we find substantial evidence to support the division of the Kings’s marital estate. Finding no manifest error or abuse of discretion, we affirm.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF LAFAYETTE COUNTY IS AFFIRMED. COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.